ELLEN M. STINSON, (by *pro. ami*,) *versus* CITY OF GARDINER.

All persons, including children, have a legal right to pass upon the public roads, so long as they do not violate laws for individual protection or the common good.

And, for the purpose of passing and repassing, they may use any part of the highway, provided they conform to all laws and well settled rules connected with such use.

*Safety* and *convenience* for travelers, and their horses and teams, is the rule by which to judge whether there be any defect, or want of repair, or sufficient railing, upon highways.

The public have no right in a highway, except to pass and repass.

When children use a part of the public road for their sports, the town or city through which the way passes, is not responsible for injuries received by any of the children so engaged, though the injuries may result from a defect in the road.

ON EXCEPTIONS from *Nisi Prius*, MAY, J., presiding.

This was an action to recover damages for personal injuries received by the plaintiff, a minor, in consequence of an alleged want of a sufficient railing on the highway.

The plaintiff's evidence tended to prove that she was returning from school, in June, 1854, to her father's house; that she passed on to a side-walk elevated some eleven feet above

the ground, on the outside of the way; that she stopped and leaned against a post to which the railing had been nailed, or against the railing, and that the railing gave way, the same having been loose and swinging for some time, and she was thrown to the ground and severely injured.

It was admitted that the defendants were bound by law to keep the way in repair; that the railing was defective, and that the defendants had reasonable notice thereof.

The evidence on the part of the defendants tended to prove that the plaintiff had got possession of a bottle from a lad by the name of Robbins; that she ran with the bottle; that he pursued her; that she got upon the side-walk and was leaning against the defective railing, when he came up and seized the bottle; that he tried to pull it away from her; that he let go of the bottle, when she sallied back against the railing, and this giving way, she was precipitated to the ground.

There was also evidence on the part of the plaintiff tending to rebut the ground assumed by the defence.

The defendants contended that they were not by law required to prepare their road for a play-ground for children, and that if the plaintiff at the time of the accident was using the highway as a play-ground, and not as a traveler, she could not recover, and requested the Judge so to instruct the jury, which instruction the Judge refused to give.

The Judge instructed the jury, that, by law, the road is to be kept safe and convenient only for the use of travelers; but the law does not define for what purposes it may be traveled, whether for business or pleasure, or work or play, provided the use of it, at the time, is lawful, and the person traveling on it is not using it in a manner prohibited by law, as by traveling on the Sabbath for any purpose other than necessity and charity; that the plaintiff may recover, being otherwise entitled to, notwithstanding that she and others were jointly using the way by passing over it for purposes of sport, provided that in so using it there was no want of ordinary care on her part; that is to say, that if, in passing over the road or side-walk, the plaintiff did no act which a prudent person in

the exercise of ordinary care might not have done, or omitted no act which ordinary care required her to do. But if the injury was not occasioned through the defect in the way alone, or if the want of ordinary care on her part, or any other cause for the existence of which she was in fault, at all contributed to the injury which she received, she cannot recover.

The jury were further instructed, that they would determine from the whole evidence in the case, whether the plaintiff was playing or scuffling at the time of the injury, or not; and also, whether in passing over the side-walk, she stopped to lean against the post or railing, or not; and if they found she did so, in either particular, they would then determine whether it was or was not safe to do so in such a place, and whether she did or not do any thing which a prudent person in the exercise of ordinary care might not have done; and that the mere fact that she did any of these things while passing over the road or side-walk will make no difference in regard to her right to recover, (if she be otherwise entitled,) provided the jury find that in so doing, and in all that she did, there was no fault or want of ordinary care on her part.

The defendants further requested the Judge to instruct the jury that if the injury was wholly or in part the result of playing or scuffling between plaintiff and any other person or persons, she cannot recover. This instruction the Judge declined to give, but did instruct them that if they were satisfied of the existence of the way, that it was defective and unsafe, that the defendants had reasonable notice thereof, and that the defect in the railing was the sole cause of the injury, it would make no difference with the plaintiff's right to recover, even though the plaintiff did play and scuffle with other children in passing over the road, provided that the jury were satisfied that in such playing and scuffling there was no want of ordinary care in passing over the way on her part, which contributed to the injuries she received; and ordinary care was such care as persons of common prudence usually exercise, and the burden of proof was upon the plaintiff to satisfy

them of this fact, as well as all others necessary to entitle her to recover in the case.

The jury returned a verdict for the plaintiff.

To the foregoing instructions and refusals to instruct, the defendants excepted.

*Bradbury* and *Joseph M. Meserve*, for plaintiff.

In suits of this character, the plaintiff is required, unless the facts are admitted, to show: —

1. That the highway was not safe and convenient; —

2. That the plaintiff exercised ordinary prudence and care; and, —

3. That the injury was occasioned by the defect in the highway alone. *Moore* v. *Abbott*, 32 Maine, 46; 2 Cushing, 604.

In the case at bar, the existence of the way, the liability of the city to repair, the existence of the defect causing the injury, and reasonable notice thereof to the defendants, are admitted.

There is likewise no pretence that the injury would have been sustained, if the city had not so permitted their road to be out of repair.

It remains, then, for the plaintiff to show that at the time of receiving the injury, she was in the use of ordinary care and prudence, and that the injury was occasioned by the *defect alone.*

That the plaintiff was in the use of ordinary care and prudence, must be considered as fully proved, for the Judge instructed the jury that "the burden of proof was upon the plaintiff to satisfy them of this fact," and the whole tenor of the instructions is, that without full and conclusive proof of this fact the plaintiff cannot recover.

The defendants, however, claim to be exempt from liability for such damage in this case, because, as they say, the plaintiff, at the time of the accident, *was at play* in said highway, and not a traveler, and therefore not a person for whose use they were liable under the statute to keep the way in repair. They accordingly requested the Judge to instruct the jury,

"that they were not by law required to prepare their road for a play-ground for children, and that if the plaintiff at the time of the accident was using the highway as a play-ground, and not as a traveler, she could not recover." This instruction, the Judge refused to give, but did instruct them "that, by law, the road is to be kept safe and convenient only for the use of *travelers*." The jury must, therefore, have been satisfied that the plaintiff, at the time of the accident, was a traveler; otherwise, under the instructions, they could not have given her a verdict. There was, therefore, no error in the refusal of the Judge to give the first requested instruction.

The counsel argued that the plaintiff was a "traveler," within the language and intent of the Revised Statutes, c. 25, § § 57 and 89; and cited 36 Maine, 398.

The only limitations or conditions which the law attaches to the right of any person to recover the damages by him received in such a case, are, that the injury must be caused by the defect *alone*, and that such person must be in the use of ordinary care. 32 Maine, 46.

The plaintiff was on her way home from school. No one will deny the liability of the town to keep their streets safe and convenient for scholars traveling over them for such a purpose; and the plaintiff having been proved to be in the use of ordinary care, and the injury being caused by the defect alone, the requested instructions relating to the plaintiff's playing, became unimportant and unnecessary, and were rightfully withheld by the presiding Judge.

*C. Danforth*, for defendants.

TENNEY, C. J.— The obligation of the defendants to keep in repair, the highway on which the injury to the plaintiff is alleged to have been received, the defective condition of the railing at the time of the injury, and reasonable notice thereof to the city of Gardiner, are admitted.

Evidence was introduced by the plaintiff, tending to prove, that she was returning from school to her father's house; that she passed on to a side-walk, elevated some eleven feet above

the ground, on the outside of the way; that she stopped and leaned against a post to which the railing had been nailed, or against the railing, which gave way, having been loose and swinging for some time, and that she was thrown to the ground and seriously injured.

The defence was, that at the time and near the place of the accident, the plaintiff was at play in the road with another, or that the two were scuffling, and that she run, or was forced with some violence against the railing; and that the accident happened, while she was on the road for a purpose, and doing acts, which exonerate the city from liability to damages for the injury received.

From the exceptions, it is manifest, that the testimony introduced by one party, was in conflict with that introduced by the other in some respects, particularly, in reference to the plaintiff's acts at the time of her fall.

All persons have the right to pass and repass upon public roads, so long as they violate no laws for the common good, or for the protection of individuals. Within these restrictions, they are entitled to the use of the highway for the purposes of travel; whether the object of that travel is business or pleasure; whether they pass on foot, with carriages, or in the various modes, which each individual may choose to adopt. Any part of the highway may be used by the traveler, and in such direction as may suit his convenience or taste, provided he therein conforms to all laws and well settled rules connected with such use. Children are not restricted in passing and repassing upon the streets and roads, more than adults. And the same rules are to be applied equally to all in regulating the use of highways for the objects designed.

Safety and convenience for travelers, and their horses, carts and carriages, are the rule by which it is to be determined, whether or not there be any defect or want of repair, or sufficient railing upon highways. R. S., c. 25, § 57. It being settled in a given case, that the way is defective in some of the particulars, wherein the statute requires that it shall be safe and convenient, a remedy is given to persons referred to,

in the same statute, who shall receive any bodily injury, &c., through such defects. Sect. 89.

It is for travelers, and their horses, carts, teams and carriages, that these highways are to be opened, kept in repair, and amended from time to time. And the statute has not provided that they shall be kept safe and convenient for any others. A street or highway, may be put to a use at a particular time and place, and that use be entirely foreign to the design of passing and repassing thereon, for the purpose of travel, according to the meaning of the statute; and the appropriation may require a much better condition of the ground than would be necessary to make it safe and convenient for travelers. Hence, the rule of safety and convenience for the traveler, might differ essentially from that which would be applied, in a use, not provided for, or contemplated by the statute.

The public have no right in a highway, excepting the right to pass and repass thereon. *Stackpole* v. *Healy*, 16 Mass. 33. "Subject to the right of mere passage, the owner of the road is still absolute master. The horseman cannot stop to graze his steed, without being a trespasser; it is only in case of inevitable, or at least accidental detention, that he can be excused, even in halting for a moment." *Pearsall* v. *Post*, 20 Wend. 111. In *Peck* v. *Ellsworth*, 36 Maine, 393, SHEPLEY, C. J., in delivering the opinion of the Court, says: "Towns are made liable for injuries, by the statute, only to the extent of its provisions." And it is held, in that case, that a party can recover of a town damages for an injury received on the highway, only when the defect or want of repair will prevent the way from being safe and convenient for travel.

If a circus company should appropriate a part of a public highway for the exhibition of their feats in horsemanship, or other acts of agility, entertaining no design to use that part of the way, as travelers, could one of that company have any ground for a claim of damages for bodily injuries, or other losses, on account of any defect therein, against the town or city, in which the way was located? When children appro-

priate a part of the road for their sports, and cease to use it as a way for travel, the town or city through which the way passes, is not responsible for injuries, which may be received by any of the children so engaged, although the injuries may take place through a defect in the road.

The defendants requested the Judge to instruct the jury, that if the plaintiff, at the time of the accident, was using the highway as a play-ground, and not as a traveler, she could not recover. This instruction the Judge refused to give; and it was not given, in substance, in any of the remarks made by the Judge to the jury. The facts assumed in this request, had some support at least in the evidence, as reported in the exceptions; and, therefore, the instructions requested, were not for a case purely hypothetical. If the plaintiff was using the road as a play-ground, and not as a traveler, the use thereof for purposes of travel, must be regarded as entirely suspended, and she was using the ground for an object altogether different from that contemplated by the statute.

We think, according to well settled principles, the instructions should have been given. *Exceptions sustained,*
*verdict set aside, new trial granted.*

RICE and APPLETON, J. J., concurred.
CUTTING, J., did not sit.

GOODENOW, J., gave the following dissenting opinion : —

I cannot concur in the opinion drawn by the Chief Justice. I do not perceive that the point was made in the opening of the defence, that the plaintiff was not a *traveler* upon the road, at the time of her injury. The case states that the evidence on her part "tended to prove that she was *returning from school,* in June, 1854, to her father's house; that she passed on to the side-walk, elevated some eleven feet above the ground, on the outside of the highway." *It is not denied that this side-walk was a part of the highway.* There is no evidence reported on the part of the defence to indicate that she was not there as a *traveler*. The evidence as to her having had some sport or play with Robbins, if uncontradicted,

would be altogether insufficient to found upon it a conclusion that she was there for the purpose of making the highway a "play-ground," and not as a traveler.

We must expect of children, the habits of children, and that they will be mirthful, and joyous, and sportive, while regularly on the way, as *travelers*, to and from school.

It does not appear at *what time*, in the progress of the trial, that the "defendants *contended* that they were not by law required to prepare their road for a play-ground for children." It does not appear to have been *contended* by the plaintiff, that they *were* so required. The Court was not requested to instruct the jury upon that simple proposition, but the request for instructions added, "and that if the plaintiff, at the time of the accident, was using the highway as a play-ground, and not as a traveler, she could not recover." The Judge might well refuse to give this instruction, as calculated to mislead the jury, by assuming that there was evidence to establish a proposition, when no such evidence appears to have been in the case. To my mind, the instruction *given* was much better adapted to lead the jury to a right conclusion, than the instruction *requested.*

It not unfrequently happens, that positions are taken at the close of a trial, while the Judge is charging the jury, or after his charge, that were not taken in season to give the adverse party an opportunity to reply to them by evidence or argument. And mixed propositions, or requests for instructions, are made, some of which are applicable, and some not applicable to the case under consideration. In such cases, it is the duty of the Judge to analyze them, and separate what is relevant and sound from what is irrelevant and unsound. This is what I think the Judge presiding did in this case, and nothing more.

The Judge had already instructed the jury, "that the road must be kept safe and convenient *only for the use of travelers.*" The jury must have found that the plaintiff was a traveler. It seems to me like an attempt on the part of the defendants to substitute a new issue, and different from the real one

which had been relied upon and discussed before the jury; and it should be treated like a *departure* in pleading. The real point litigated, was the care or want of care in the plaintiff.

There are no facts in the case to indicate that the plaintiff was at the place where the injury happened, for the purpose of using it as a "play-ground." If she had been a boy with bat and ball, or other implements for play, in company with other boys, such a presumption might have arisen. It seems to me that the evidence, as well as the presumptions, are the other way. A "bottle" is not used for the purpose of playing at any game with which I am acquainted.

The *defect* in the highway, disclosed by the evidence, is one which rendered it unsafe for *travelers*, beyond controversy.