RANDOLPH GREENWOOD & another *vs.* CHARLES CALLAHAN.

The plaintiffs' horse and wagon were backed up to the sidewalk in front of their shop and extended half across the highway. The horse was fastened by a strap and weight. While the plaintiffs, who were the only persons in charge of the team, were engaged in putting a barrel into the wagon, the defendant's runaway horse ran into the plaintiffs' horse. *Held*, in an action to recover for the injury to the plaintiffs' horse, that the judge rightly refused to rule, as matter of law, that the plaintiffs were not in the exercise of due care.

TORT by Randolph Greenwood and Othello Greenwood for injury to their horse caused by the negligence of the defendant.

At the trial in the Superior Court, before *Rockwell*, J., there was evidence tending to show that the defendant's horse and wagon, through his negligence, escaped from his control, and ran away without a driver down Lawrence Street in Lowell; that the plaintiffs occupied a grocery shop on the easterly side of Lawrence Street, which is a frequented public highway; that the sidewalk on the easterly side was about six feet wide to the curbstone, and the travelled way from that curbstone to the curbstone of the opposite sidewalk was twenty-eight feet and nine inches wide, that the plaintiffs had a horse and wagon backed up to the curbstone and extending from the curbstone to the middle of the travelled way; that it was sixteen feet from the rear of the wagon to the head of the horse; that the horse was fastened by a weight

and strap attached to his bit, that no one was nearer to the horse than the plaintiffs, who were both on the sidewalk engaged in putting a barrel into the wagon; that while so engaged they saw the defendant's team coming down the travelled way, the horse running violently; that when they first saw him he was so near that neither of them could get to their horse until the defendant's horse ran against their horse and killed him; that the plaintiffs might have seen the defendant's horse thirty rods off if they had looked, but that they did not look nor see him till he was within a few rods of their team; that no other person than the plaintiffs had any charge of their horse; and that there was room enough to have placed their horse and wagon up and down the street by the side of the curbstone.

The plaintiffs contended that they exercised due care, and " their horse was not standing exactly as above stated." The defendant contended " that if the plaintiffs were using the travelled way with their team in the manner said evidence tended to show, it was such a use thereof and such want of care that they could not in law recover."

The defendant asked the judge to instruct the jury as follows : " If the horse was left by the plaintiffs in the travelled part of the way, extending with the wagon from the curbstone to the centre of the travelled way, with no one near enough to aid or control him, but so left in the street, tied there by a strap and weight, that would be such negligence that the plaintiffs could not recover for an injury done to him by another horse while running away along the travelled part of the way and not under his owner's control coming in contact with him." The judge refused so to instruct the jury, and instructed them that this instruction would not be given to them as matter of law, but the case would be left to them, upon all the evidence in the case. The case was submitted to the jury upon full instructions, which were not objected to by either party.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*D. S. Richardson*, for the defendant.

*G. Stevens*, for the plaintiffs.

CHAPMAN, C. J. The only question which comes before us is whether the instruction asked for should have been given. We think it was rightly refused.

Highways are made, not merely for travel, but for such business as may be connected with it. Horses and vehicles may not only be driven along the street, but may be, in proper cases, left standing in it, for a reasonable time, being properly cared for, and a fastening may be sufficient for this purpose. It was not, as matter of law, negligent to leave the plaintiffs' horse and wagon as it was left, and for the purpose stated, provided the plaintiffs used ordinary care. *Steele* v. *Burkhardt*, 104 Mass. 59, and cases there cited. It was properly left to the jury to decide, under instructions, whether the plaintiffs had used ordinary care, taking into consideration all the facts proved.

*Exceptions overruled.*