JEREMIAH C. MCCARTHY *vs.* CITY OF PORTLAND.

Cumberland. Decided January 5, 1878.

*Way.*

An action does not lie against the town in favor of a person who receives an injury from a defective highway, while using such highway for the express purpose of horse-racing, and matching his horse for speed against other horses.

*Semble : Aliter,* if the fast driving was merely incidental to traveling upon the highway for any of the legitimate purposes for which a highway is designed to be used.

ON EXCEPTIONS AND MOTION from the superior court.

CASE for injury to plaintiff's horse from defective highway.

PLEA, not guilty, under which, evidence was introduced tending to show that the plaintiff was racing the horse, and matching it for speed at the time its leg was broken.

Upon that point, Judge Symonds instructed the jury as follows:

" Highways are only to be safe and convenient for travelers. If a man once intentionally starts upon a race, having that object in view, and not any legitimate purpose of travel, whether he has reached the point where the horses are to be put to full speed or not, from that moment he ceases to have any rights against the town as a traveler upon the highway. The intention to race, accompanied by the fact that the man has actually started upon the race, prevents his recovery in the action. It matters not if he has started at a walk, or at a very slow rate of speed, if the race is begun, if he has started upon the race and is in the act of racing, whether he sees fit to put his horse to full speed or not is immaterial ; the race having begun, he having intentionally joined in it, the actual speed at which he is driving is immaterial ; he has ceased to have the rights of a traveler, and his use of the highway for that purpose is not legitimate."

The verdict was for the defendants ; and the plaintiff alleged exceptions and also moved to set aside the verdict.

*A. A. Strout & G. F. Holmes,* for the plaintiff.

*H. B. Cleaves,* city solicitor, for the defendants.

PETERS, J.   We think the judge at the trial gave a correct ruling upon the point raised in this case, and presented the idea, involved in it, in apt and appropriate words.   To enable the plaintiff to recover, he must have been "a traveler."   That is not all. He must have been traveling for some purpose or other for which streets are required to be constructed and kept in repair.   A person may be a traveler, but not such within the contemplation of the statute, which gives compensation for an injury occasioned by a defect in a highway.   He may be within or without the protection of the statute, and still be a traveler.   The distinction between what is a legitimate use of the streets or the contrary, is a nice and narrow one, and still it is an appreciable and palpable distinction.   A boy may be within the protection of the statute while running upon a street, if going to or returning from school; but not, if participating at the time in a game of ball being carried on in the highway.   He might be a traveler, perhaps, under some circumstances, while sliding down hill on his way to school; but not, if merely engaged in sliding down hill as a pastime and sport.   The statute requires that the way shall be "safe and convenient for travelers with horses, teams and carriages."   A horse being driven or led upon the street may be in the sense of the statute the horse of a traveler; but if an estray upon the common or highway, he would not be.   The instruction in the case at bar prevents the plaintiff recovering, because he was using the highway at the time of the accident for the purpose of racing.   Not because racing horses is an unlawful thing, but because it was a purpose for which the streets were not designed to be used.   Playing ball and sliding down hill are not unlawful exercises and games. But the streets are not proper places for such recreations, nor are they appropriate as racing grounds for fast driving.   Of course, while a person is racing his horse, he is passing along the highway, in one sense, as any traveler would.   So is the boy passing along the street while running after the ball, or sliding down hill, or the horse while going astray.   If the plaintiff had been on his way to his business house or home, or had been out riding for pleasure and recreation, and while so going had speeded his horse to keep up with or to pass other teams on the road, he might still have been

a traveler within the protection of the statute in case of accident from a defective way. (See *Blodgett* v. *Boston*, 8 Allen, 237, 241.) In such case the racing might have been merely an incidental or casual thing. But where a person uses a highway wholly for the purpose of horse-racing, and in the same manner he would have used it if a race-course fitted and designed for the purpose, and meets with disaster, he cannot recover of a town merely because the town has not afforded him and his horse a safer and more perfect track. *Stinson* v. *Gardiner*, 42 Maine, 248. *Leslie* v. *Lewiston*, 62 Maine, 468. *O'Connell* v. *Lewiston*, 65 Maine, 34. *Orcutt* v. *Kittery Point Bridge Co.*, 53 Maine, 500. *Stickney* v. *Salem*, 3 Allen, 374. *Blodgett* v. *Boston*, *supra*. To this extent did the instructions go, as we understand them, and no further. We think the verdict is sustained by the evidence.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.