Mary E. McGuire, by Guardian, etc., Respondent, v. William Spence, Appellant.

One passing along a sidewalk has a right to presume it to be safe, he is bound to no special care and cannot be charged with negligence for not being on his guard against an unlawful obstruction, or for not looking for it, although it is visible.

Where a child is injured in consequence of such an obstruction, it is not a defense that the child was playing upon the street, instead of using it for the ordinary purposes of travel ; for children to play upon a sidewalk is not unlawful, wrong or negligent.

In an action to recover damages for injuries caused by falling into an uncovered area in the sidewalk in front of defendant's premises, he claimed that the premises were, at the time of the accident, leased to and in the possession of one L. It was proved on the part of plaintiff that the purchases made by L. were charged to defendant. The latter as a witness, in his own behalf, was asked " why were the goods charged to you ? " This was objected to and excluded. *Held* no error.

(Argued January 24, 1883 ; decided February 6, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff in consequence of falling into an open area in the sidewalk in front of plaintiff's premises.

The facts so far as material are stated in the opinion.

*A. Simis, Jr.,* for appellant. The plaintiff, at the time of the accident, was of an age when the law presumes her capable of exercising care and discretion. (Shearm. & Redf. on Neg., § 50.) It was incumbent upon her to show affirmatively that she was free from all fault which contributed to the injury. Absence of negligence will never be presumed. (*Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248 ; *Cordell* v. *N. Y. & H. R. R. Co.,* 75 id. 330 ; *Warner* v. *N. Y. C. R. R. Co.,* 44 id. 471 ; *Riceman* v. *Havemeyer,* 84 id. 647.) If the plaintiff's failure to look where she was walking to contributed to

the injury, she has no right of recovery. (*Barker* v. *Savage*, 45 N. Y. 191; *Burke* v. *B. S. A. R. R. Co.*, 49 Barb. 529; *Arvings* v. *Jones*, 9 Md. 109; *Dobiecki* v. *Sharp*, 88 N. Y. 203; *Watkins* v. *G. W. R. R. Co.*, 37 L. T. [N. S.] 193.) Defendant was under no duty or obligation to the plaintiff to have the area covered. (*McAlpin* v. *Powell*, 70 N. Y. 126; *Blodgett* v. *City of Boston*, 8 Allen, 237; *Stinson* v. *Gardner*, 42 Me. 248; *McCarty* v. *City of Portland*, 47 id. 167; *Hatfield* v. *Roper*, 21 Wend. 614.) It was error to deny defendant's motion to dismiss the complaint on the ground that, at the time of the accident, the premises were in possession of a tenant. (*Clancy* v. *Byrne*, 56 N. Y. 133; *Swords* v. *Edgar*, 59 id. 28.) The excavation was not a nuisance, because the defendant had a permit from the authorities to place it there. (*Davis* v. *The Mayor*, 14 N. Y. 506; *Masterson* v. *Short*, 7 Robt. 241.)

*Thomas E. Pearsall* for respondent. The defendant, having constructed the opening in the highway for the benefit of his adjoining premises, was bound to restore the highway in as safe a condition as it was before making such opening, and he is liable for injuries sustained by the plaintiff by reason of her falling therein, irrespective of the question of negligence on her part. (*Clifford* v. *Dam*, 81 N. Y. 52; *Irvine* v. *Wood*, 51 id. 224; *Swords* v. *Edgar*, 59 id. 33; *Congreve* v. *Smith*, 18 id. 83; *Davenport* v. *Ruckman*, 37 id. 568; *Osborne* v. *U. F. Co.*, 53 Barb. 641; *Anderson* v. *Dickie*, 1 Robt. 238; *Whalen* v. *Gloucester*, 68 N. Y. 283; *Mullaney* v. *Spence*, 15 Abb. [N. S.] 319.) An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care and prudence which can reasonably be expected of one of its age. (*Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 N. Y. 620; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 252; *Sheridan* v. *B. & N. R. R. Co.*, 36 id. 42; *O'Mara* v. *H. R. R. Co.*, 38 id. 445; *Mowrey* v. *C. C. R. R. Co.*, 51 id. 666; *Thurber* v. *Harlem & C. R. R. Co.*, 60 id. 336; *McGarry* v. *Loomis*, 63 id. 107; *Fallon* v. *C. P. & C. R. R. Co.*, 64 id. 13; *Mc-*

*Gevern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417; *Hay-croft* v. *L. S. & M. S. R. R. Co.*, 64 id. 636; *R. R. Co.* v. *Stout*, 17 Wall. 657; *Casey* v. *N. Y. C. R. R. Co.*, 6 Abb. N. C. 104.) The fact of the plaintiff playing on the sidewalk does not constitute contributory negligence. She had a right to be on the sidewalk and to play thereon. (*McGarry* v. *Loomis*, 63 N. Y. 104, 108.) Whether the plaintiff was guilty of contributory negligence was a question of fact. (*Hart* v. *H. R. R. R. Co.*, 80 N. Y. 622; *Weed* v. *Ballston Spa*, 76 id. 329; *Driscoll* v. *Mayor*, 11 Hun, 101; *Monell* v. *Peck*, 88 N. Y. 398, 403.)

Finch, J. The plaintiff was injured by falling into an un-covered area in the sidewalk of a street in the city of Brooklyn, fronting upon premises owned by the defendant. She had returned from school, and observing other children playing on the opposite side of the street, crossed over and joined them in their amusement of jumping the rope, and while so engaged fell into the open area. She was about fourteen years of age; the dangerous hole was visible to one who looked; and the accident happened in the day-time. But the jury found she was not guilty of contributory negligence, and the facts warranted such a finding. Even if the burden rested upon her of showing that her own fault did not contribute to the injury, which we do not hold, but which the trial judge seems to have charged (*Clifford* v. *Dam*, 81 N. Y. 52; *Irvine* v. *Wood*, 51 id. 224; 10 Am. Rep. 603), she bore that burden successfully. For negligence is a relative term, and depends upon the degree of care necessary in a given case. He who approaches a railroad crossing approaches a place of danger, and he must look and listen, for he is bound to anticipate a possible harm. But one who passes along a sidewalk has a right to presume it to be safe. He is not called upon to anticipate danger, and is not negligent for not being on his guard. Whoever left this area in the sidewalk open and uncovered was guilty of a positive wrong. It amounted to an obstruction of the street. It was a

trap set for the unwary, or for those hurried or inattentive. Nobody was bound to anticipate its existence, or to look for it, although it was visible. The plaintiff, therefore, was bound to no special care to avoid such an accident as happened, and the jury were justified on the facts in finding her free from negligence.

Nor does it change the result that she was playing upon the sidewalk instead of using it for the ordinary purposes of travel. Our attention is called to certain cases in other States as authority for the doctrine that only those using the streets for their appropriate and normal purpose are within the rule of protection. (*Blodgett* v. *City of Boston*, 8 Allen, 237; *Stinson* v. *Gardiner*, 42 Me. 248; *McCarthy* v. *City of Portland*, 67 id. 167; 24 Am. Rep. 23.) In these cases the actions were against municipal corporations under statutes which bound them to keep the streets safe and convenient for travelers, and a just construction of the written law furnished the limitation of the corporate duty. In this State we have held that the duty exists not merely as to travelers, but as to all persons lawfully in the streets, and have imposed upon a city a liability for negligence where the person injured was in no sense a traveler, but engaged in excavating the street under lawful permission, but for the benefit of a private corporation. (*Rehberg* v. *The Mayor*, Jan. 23 1883.\*) This plaintiff was lawfully in the street. She had a right to be there, and while there, not to be exposed to the possible dangers of an uncovered opening in the sidewalk. Nor does it matter that she was at play with other children. In *McGarry* v. *Loomis* (63 N. Y. 108; 20 Am. Rep. 510), we stated it as a proposition too plain for comment that "it is not unlawful, wrong or negligent for children on the sidewalk to play."

A further ground of defense was argued, based upon the alleged existence of a tenancy. The defendant was the owner of the premises, and claimed to have leased them to one Livingston, who was in possession at the time of the accident, and

\* *Ante*, p. 137.

alleged to be alone responsible for the uncovered area. But upon the facts in this connection two questions were specially submitted to the jury. They were asked to say whether the premises at the time of the accident were occupied by the defendant, and to this they answered in the affirmative. They were further requested to say whether the area was covered and safe when the tenant took possession, and to this they replied in the negative. There was evidence to sustain this verdict upon both propositions. While the owner and Livingston both swore to the tenancy, the former said the tenant at the time of the accident was Mary Livingston, and then that it was Andrew Livingston; and it was shown that the latter's purchases were charged to and paid for by the defendant, and that bills were made out in his name for work done by Livingston. There was also evidence that the area was left unguarded for some time before the tenancy, and Livingston himself swore that he replaced the wooden slats which served as a cover many times, and the expense of such repairs was always paid by the defendant. There was quite enough in these facts to fix his liability.

Upon the subject of this alleged tenancy a question was asked the defendant: "Why were the goods charged to you?" This was excluded by the court, and that exclusion is claimed to have been an error. Undoubtedly the witness had a right to explain the facts proven by his adversary as to his connection with Livingston's business, as bearing on the question of tenancy and possession. But permission to do that was nowhere refused. On the contrary, the witness did explain so far as he chose. He testified that the bills made out in his name were made out without his knowledge or assent. The question asked was objectionable because it sought his opinion of the reasons or motives of third persons for charging to him goods delivered to Livingston. Their motives were immaterial. His dealings with the tenant and the real relation existing between them were not excluded, but freely opened to inquiry.

We have examined the requests to charge which were refused by the court and find no error in the refusals. The

judgment was reasonable in amount and seems to us just.   It should be affirmed, with costs.

All concur.

Judgment affirmed.