### NEW YORK LIFE INS. CO. v. SAVAGE.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1893.)

#### No. 297.

1. PLEADING—COMPLAINT SHOWING AUTHORIZATION OR LICENSE—PUBLIC NUISANCE.

A complaint in an action for personal injuries sustained by falling into an opening in a public sidewalk, which alleges that it was defendant's duty, "at all times during which it has been permitted to maintain said opening," to keep the same properly protected, does not show that the opening was made and maintained by state or municipal authority, where other portions of the complaint negative the idea of such authorization or license, but should rather be construed as stating that the making and maintenance of the opening was by public sufferance.

2. NEGLIGENCE—OPENING IN SIDEWALK.

The testimony showed that the owner of a building caused a large opening to be made, nearly in the center of a public sidewalk adjoining

the building, for use as an elevator shaft; that the shaft was left open until midnight of a dark night to admit air into the basement; and that the plaintiff fell into said opening as he was passing along the street, and was injured. *Held*, in a suit against the owner for the injuries so sustained, that there was abundant evidence of the owner's negligence.

3. SAME—CONTRIBUTORY NEGLIGENCE.

The plaintiff could not be held, as matter of law, guilty of contributory negligence in failing to see the opening, when it appeared that he had no previous knowledge of its existence; that he was obliged to use great haste to catch a car; that it was a dark night; and that there was no light in the street, and none proceeding from the opening.

In Error to the Circuit Court of the United States for the District of Nebraska.

At Law. Action by John E. Savage against the New York Life Insurance Company for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

Ralph W. Breckenridge, for plaintiff in error.

T. J. Mahoney and C. J. Smyth, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This is a suit for personal injuries. The action was brought by the defendant in error in the circuit court on account of injuries which he had sustained by falling into an opening in a public sidewalk which the defendant company had caused to be made in front of its building in the city of Omaha. In the circuit court there was a verdict and judgment in favor of the plaintiff, and the defendant company thereupon sued out a writ of error. The only questions which arise upon the record that have been presented for our consideration are—First, whether there was any evidence tending to show negligence on the part of the defendant company; and, secondly, whether the trial court should have declared as a matter of law that the plaintiff was guilty of contributory negligence. These questions require for their determination a brief summary of the facts which the testimony tended to establish. It appears from the evidence that has been preserved in the bill of exceptions that in June, 1892, the defendant was the owner and proprietor of a large building situated at the northeast corner of Seventeenth and Farnam streets, in the city of Omaha; that the defendant company, for its own benefit, had caused a large opening to be made in the public sidewalk on Seventeenth street along the west side of its building for the purpose of constructing an elevator well or shaft, by means of which coal, ashes, and other articles could be lowered into or raised from the basement of its building; that the outer edge of this elevator hole was two feet and eight inches from the curb, and from that point it extended inward four feet and four inches towards the center of the sidewalk. The opening was also four feet and four inches wide, and the sidewalk was about twenty feet in width. When not in actual use, the hole in the walk was closed by an iron door, made in two sections, which opened outwardly, and swung on hinges. On the night of June 23, 1892, this door had been left open by the defendant's engineer until

after midnight, to admit fresh air into the basement, and, while the elevator door was thus open, the two sections of the door stood on edge, at right angles with the sidewalk. At about 20 minutes past 12 of the night in question, the plaintiff came down Seventeenth street from the north, intending to take a street car at or about the corner of Farnam and Seventeenth streets. As he approached the elevator hole, and was some distance north of the same, he heard a street car coming, and started to run, with a view of boarding it. While so running he stumbled against and fell over the north section of the iron door of the elevator shaft, that was standing on edge at a height of about two feet and three inches above the sidewalk, and was precipitated to the bottom of the shaft, a distance of twenty-five feet, and was severely bruised and injured. The night in question was quite dark, but there was an electric street light to the north of the elevator shaft, at a distance of about three-quarters of a block, and another electric light to the south, about a block and a quarter therefrom. The plaintiff testified that he had no previous knowledge of the existence of the opening in the public walk; that at the place where the accident occurred there was no light in the street at the time the accident happened; and that no light was proceeding from the doorway or elevator shaft which he observed; and that he was running at the time in great haste, to catch the street car, with a view of going home for the night. There was some other testimony in the case which tended to show that on the occasion of the accident some light was proceeding from the elevator shaft, and that the iron door, as it stood elevated above the sidewalk, was a visible object, which might have been seen if it had been looked for.

The first contention above stated—that there was no evidence tending to show negligence—seems to rest entirely upon the assumption that the plaintiff below had so framed his complaint as to show that the opening in the sidewalk was not a public nuisance, but that the defendant company had been authorized by some competent authority, either state or municipal, to make and to maintain such an opening. There is one clause in the complaint which alleges "that it was the duty of the said defendant, at all times during which it has been permitted to maintain said opening in said sidewalk and said elevator shaft thereunder, to keep the same properly protected and guarded, in order that the public generally, in using said sidewalk, should not be submitted to unnecessary risk and hazard." But other portions of the complaint averred that the opening complained of was in a public thoroughfare, and that, in disregard of its duties to the public, the defendant, on the occasion of the accident, had negligently permitted the same to remain open and unguarded until after midnight. There was no averment in the plaintiff's petition that the defendant company had been duly licensed to make or maintain an elevator shaft in the public sidewalk in question, nor was any such license either pleaded or offered in evidence by the defendant company. Under these circumstances, we think it is not affirmatively shown by the record that the company had the right to maintain the elevator shaft or opening in the

condition in which it was left on the occasion of the accident. In its then condition, at midnight of a dark night, with the iron door elevated and extending across the walk for more than four feet, and nearly to the center of the walk, it was a serious obstruction to travel, to say nothing of the risk incurred by pedestrians of being precipitated to the bottom of the shaft. Prima facie, one who places an obstruction in or makes a pitfall of that nature in a public thoroughfare thereby creates a public nuisance; and we will not presume, in view of the single allegation of the complaint above quoted, that by virtue of any license or municipal ordinance the defendant company had acquired the right to make and maintain the elevator shaft in the condition in which it was found when the accident happened. We will rather construe the pleading as stating, in substance, that by public sufferance the defendant had been permitted to construct the elevator shaft, and to use it at intervals, during ordinary business hours, for the purpose of lowering articles into the basement of its building, or removing articles therefrom. At the time of the accident it was not being used for either of these purposes, nor was the hour suitable for such use. It had been opened, and was kept open, as the evidence shows, solely for the comfort of the defendant's employes, and without any apparent regard for the convenience or safety of pedestrians. In accordance with these views, it must be held that there was abundant evidence of the defendant's negligence, and its contention to the contrary must be overruled. Congreve v. Smith, 18 N. Y. 79, 82; McGuire v. Spence, 91 N. Y. 303; Durant v. Palmer, 29 N. J. Law, 544; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. Rep. 719.

The second ground of reversal relied upon by the plaintiff in error is likewise untenable. In our judgment it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence in failing to see the opening in the sidewalk, in view of his statements that he had no previous knowledge of its existence; that he had not "been along there before;" that he was called upon to act in great haste; that it was a dark night; that there was no light in the street where the opening was located; and that no light proceeded from the shaft. It is no doubt true that a person who walks along a sidewalk in a city, either in the daytime or at night, is bound to exercise ordinary care. He must use his eyes as persons of ordinary prudence commonly use them, but, if a man has no knowledge of a defect in a public sidewalk or thoroughfare, he is entitled to presume that it is in a reasonably safe condition, and he is not bound to act on the assumption that there are dangerous pitfalls or other obstructions therein. Even though he is aware that the area under sidewalks is frequently utilized in large cities by the owners of adjoining buildings for the storage of coal or other articles, and that openings are sometimes made through the sidewalk into such areas for the convenience of the owner, yet he is nevertheless entitled to presume that the coverings to such apertures, when they are not in actual use, have been made secure, so that they will not operate as an obstruction; and especially is he entitled to indulge in that presumption when he has occasion to walk along a sidewalk

after business hours, and in the nighttime, if no signals have been displayed to warn people of existing dangers. These principles rest upon such a sure foundation of reason and common sense that it is almost unnecessary to cite authority in their support. Wall v. Town of Highland, (Wis.) 39 N. W. Rep. 560, 562; Brusso v. City of Buffalo, 90 N. Y. 679; McGuire v. Spence, supra; Dickson v. Hollister, 123 Pa. St. 421, 16 Atl. Rep. 484; Gordon v. Cummings, (Mass.) 25 N. E. Rep. 978; Weare v. Fitchburg, 110 Mass. 334; Raymond v. City of Lowell, 6 Cush. 524, 530; Barnes v. Sowden, 119 Pa. St. 53, 12 Atl. Rep. 804. And the application of these principles to the case at bar makes it evident that it was the province of the jury to determine, in the view of all the facts and circumstances to which we have adverted, whether the plaintiff ought to have seen the obstructions in his way, and whether his failure to do so was such contributory negligence as precluded a recovery.

Finding no error in the record, the judgment of the circuit court must be affirmed.