Merrimack,
Feb. 2, 1926.

### LUCILLE M. AHERN v. CONCORD.

Waiting within the limits of a highway for an electric car is an incidental act of travel of a reasonable nature, and does not suspend or defeat the character of the person so waiting as a traveler over the highway.

Evidence that pedestrians waiting for cars were in the habit of leaning against a railing at the side of the highway is competent upon the issue of the plaintiff's care in so leaning, and also to charge the city with notice of the use made of the railing.

While a city is not charged with the duty of furnishing, if of maintaining, suitable railings for pedestrians to lean against, when it has notice that pedestrians are in the habit of leaning against a railing at the edge of an embankment it is charged with the duty of making reasonably adequate provision for the protection of persons making that use of the highway.

CASE, under Laws 1893, c. 59. While waiting on a highway for an electric car, the plaintiff leaned against a defective bridge railing, which broke, and in consequence she fell over an embankment and was hurt. Trial by jury and verdict for plaintiff. Transferred by *Burque*, J., on exceptions to the denial of a motion for a nonsuit, to the admission of evidence, and to the charge.

*J. Edward Flynn* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Elwin L. Page* (by brief and orally), for the defendant.

ALLEN, J. The motion for a nonsuit was properly denied.

The evidence was conclusive to show that the plaintiff was a highway traveler when injured. Though not engaged in the actual movement of travel, she was doing an incidental act of travel of a reasonable nature. Waiting for the electric car was neither a departure nor diversion from her journey, and the manner of her waiting might well be found to be natural and proper. Such use of the highway did not suspend or defeat her character as a traveler. *Hardy* v. *Keene*, 52 N. H. 370; *Varney* v. *Manchester*, 58 N. H. 430;

*Lydston* v. *Company*, 75 N. H. 23; *Thompson* v. *Company*, 77 N. H. 92; *Manning* v. *Railway*, 80 N. H. 404; *Langevin* v. *Company*, 81 N. H. 446.

The argument that, because the cases since *Varney* v. *Manchester*, *supra*, are not highway liability suits, therefore their reasoning is not applicable here, cannot be adopted. The question being what constitutes highway travel and the exercise of a traveler's rights, it makes no difference what may be the nature of the case in which the question arises. The question now being considered is not whether a liability has been imposed upon the city, but merely whether the plaintiff was a highway traveler. She is to be considered as such. Being a highway traveler, she is entitled to whatever protection the statute gives to such persons. *Hardy* v. *Keene*, *supra; Varney* v. *Manchester*, *supra*.

The defendant has cited *Orcutt* v. *Bridge Company*, 53 Me. 505, and *Stickney* v. *Salem*, 3 Allen 374, as authorities in its favor. The former case, if not to be distinguished as not being under the highway liability statute, appears to be in conflict with *Varney* v. *Manchester*, *supra*, which holds the question of a traveler's use of the highway to be one of fact, and expresses disapproval of *McCarthy* v. *Portland*, 67 Me. 167, in which horse racing on a highway was held outside of the protection of the statute. In the earlier case of *Stinson* v. *Gardner*, 42 Me. 248, it was held to be for the jury to say whether the plaintiff was using the highway in travel, in leaning against a railing, or as a playground and running against the railing. The result there appears to be squarely in accordance with this case, and the Orcutt case is at best of doubtful authority for the defendant.

In *Stickney* v. *Salem*, it was held that leaning against a rail was "improper and unauthorized." The plaintiff here was acting rightfully, and the denial of relief there makes another conflict with *Varney* v. *Manchester*. Other Massachusetts cases appear to support the views here advanced.

In *Britton* v. *Cummington*, 107 Mass. 347, the plaintiff stopped his team at the side of an unrailed embankment to pick berries. While so engaged, the horses were disturbed, and the carriage went over the bank. No question was raised of the plaintiff's right to recover as not being engaged in an act of travel. In *Gulline* v. *Lowell*, 144 Mass. 491, it was ruled to be "a natural and ordinary incident of travelling" for a child of seven, while walking on a sidewalk, to step aside and clasp a post near a hole he fell into. And in *Greenwood* v. *Callahan*, 111 Mass. 298, it is said: "Highways are

made, not merely for travel, but for such business as may be connected with it." These cases, in their recognition of the traveler's right to engage in reasonably incidental acts of travel, at least imply, if they do not give, protection in the exercise of the right.

But it is said that the statute requiring the railing of dangerous embankments does not require the erection of a railing for travelers to lean against, and that the city, although having notice, was under no duty of maintenance for that purpose. It is not necessary to determine this question upon the issue of the nonsuit. If not thus required, the city did have the duty of maintaining a barrier for protection against the consequences of such use of the railing as the plaintiff made. The railing being defective and the city being chargeable with notice of the defect and that travelers used it to lean against, and having notice of the danger therefrom, it was required to make the bridge safe to meet the situation as well as to provide a suitable railing for the dangerous embankment there existing and of which the danger was enhanced by the defect in the railing maintained. A suitable railing was lacking.

From a cause not her fault, the plaintiff fell over an insufficiently railed embankment, while a traveler upon the highway. If the defendant was not responsible for the original cause of her propulsion in the insufficiency of the railing she leaned against to withstand the pressure in so doing, it was liable for not having a reasonable barrier to stop her progress. *Prichard* v. *Boscawen*, 78 N. H. 131, and cases cited.

The reasoning in that case is conclusive here. ". . . the test of the defendant's liability in such cases is not found by ascertaining the first cause or occasion leading up to the injury, but by determining whether the injury was the natural and probable result of the defendant's fault in omitting to do what ordinarily prudent men would have done in his situation to prevent such injury." *Ib.*, 132. "It might be found that the town ought reasonably to have apprehended that pedestrians might slip on the ice covering the highway in the winter season and be hurled over the unrailed embankment." *Ib.*, 133.

There being here a situation where travelers were likely to fall over an embankment, there was a duty to provide a suitable railing and a liability for the injuries resulting in some measure from lack of such protection. Duty to furnish a leaning place is not imposed, and the duty to maintain a railing so used may not be, but duty to guard against a traveler going over an unrailed or insufficiently

railed embankment is imposed, and includes the exercise of reasonable foresight as to probable causes for such a fall.

The evidence of the custom of other pedestrians to lean against the railing in the same manner and for the same purpose as the plaintiff did was clearly competent both on the issue of her care and to charge the city with notice of the use made of the railing. The exception to its admission is overruled.

Since the evidence of the plaintiff's "viatic use of the way" is conclusive, the exception to the instruction relating to such use is unavailing. The error, if any, was harmless.

For the same reason, the exception to the instruction relating to the duty to maintain the railing for the purpose for which the plaintiff made use of it must be overruled. The evidence was conclusive in showing the lack of any railing sufficient to meet the plaintiff's exigency. The inadequacy of the one which broke demonstrates its insufficiency to meet the demands of travel.

*Exceptions overruled.*

All concurred.