Bussell G. Hunt, J.
This is a claim to recover for serious personal injuries and automobile damage sustained by the claimant on July 15, 1956, at about 4:00 a.m., when the automobile he was driving southerly on State Highway, Route 9W, near Marlboro, Ulster County, collided with a quantity of debris which State employees, allegedly, had permitted to remain upon the highway at its junction with a town road known as Purdy Avenue. The debris consisted of dirt, gravel and stones which had been washed by rain easterly and down Purdy Avenue and on to the State highway, at a lower elevation.
The evidence established that rains had washed the debris down Purdy Avenue and on to the west side of Route 9W on the two days prior to the accident. The debris constituted an obstruction in the southbound travel lane to varying extents, up to about one half the width thereof. In addition, a short distance northerly thereof, and, beyond a bend in the highway, on the west side of said Route 9W, a quantity of rock had fallen from a bank and had come to rest in the same traffic lane, and, it, likewise, constituted an obstruction to free passage over the westerly side of the highway. The rock slide was removed by a State highway maintenance crew during the evening of July 13, but, the crew failed and refused to remove all the debris from the highway where it had been deposited by the run-off from Purdy Avenue although the members of the crew had notice and knowledge thereof, and, to this, there was added *908 debris which was washed down Purdy Avenue on July 14. The State’s crew took the position at the time that the town’s highway maintenance employees should remove the debris which flowed from Purdy Avenue. The jurisdictional dispute between the employees of the two governmental units resulted in debris remaining upon the State highway, and, without warning, constituted a hazard to the traveling public. While rounding the bend, in the darkness, the claimant did not see the obstruction until his car, operating within the speed limit, was upon it, and, then, there was the fleeting appearance of the outline of the debris extending part way into the lane of travel, but, this was too late. The impact deflected his car to the east where it collided with the tree off the highway. At the time of the accident, the claimant was en route to his home from a local diner which he had left shortly before, after having had a lunch; alcoholic beverages were not served at that place. Earlier, the claimant had spent the evening playing cards with friends at an inn and there he had consumed about three bottles of beer — this was the extent of the evidence concerning claimant’s consumption of alcoholic beverages. The doctor who attended the claimant at the hospital, shortly after his admission, testified that he did not detect the odor of alcohol upon the claimant. There was no evidence that the claimant was intoxicated or that drinking had caused the accident and the evidence of what he consumed cannot be held to have been excessive (see Fleury v. State of New York, 9 A D 2d 838).
It is no sufficient answer for the State to point to the town as the culpable party for failing to keep Purdy Avenue in good repair and properly maintained and free of debris which could be washed down to the State highway. The State, on its part, had the duty to correct the condition that existed and to maintain the roadway in a reasonably safe condition, and, if it was unable to do so, then the obligation existed to give warning commensurate with the danger (Barna v. State of New York, 267 App. Div. 261, affd. 293 N. Y. 877; Miller v. State of New York, 231 App. Div. 363). This duty is nondelegable (Turner v. City of Newburgh, 109 N. Y. 301). The State failed to do its duty and such was a proximate cause of the accident (Battistoni v. State of New York, 1 A D 2d 926) for which it may be held liable (Dunn v. State of New York, 52 N. Y. S. 2d 128). The State had actual notice of the debris which was left by its crew when it abandoned the work of cleaning the highway on the 13th, and, it is chargeable with notice of the addition thereto on the 14th by reason of the evidence of the frequency with which the condition had occurred in the past and the frequency of patrols over *909 the highway. The fact is that the debris which remained on the 13th, and, was not removed by the State crew, was sufficient to cause automobiles to swerve to avoid the obstruction and constituted a hazard. The claimant had the right to presume that the way in front of him was safe and he was not bound to anticipate danger or the be “ on his guard ” (McGuire v. Spence, 91 N. Y. 303). He was not guilty of negligence contributing to the happening of the accident. An award is made to the claimant pursuant to the decision filed herewith.