## John J. Rider et al., Appellants, *v.* Cornelius S. Stryker, Respondent.

Under the provisions of the act to lay out and open Ocean avenue in the county of Kings (chap. 579, Laws of 1871), requiring the commissioners for mapping and laying out the towns in said county to lay out said avenue and to cause a map thereof to be made and filed, and authorizing the condemnation of lands required for the purpose, the appropriation of lands was not complete until the map designating such as were to be taken was adopted by the commissioners and filed according to law. · The map was designed to furnish the evidence of the laying out of the road and the precise boundaries thereof; and only when this was done were the commissioners authorized to enter upon and take possession of the lands for the purpose of constructing the avenue.

Accordingly *held*, in an action, brought by a contractor with the commissioners for constructing the avenue, against the owner of wood land, through which the avenue run, for cutting off and removing the wood and timber therefrom, no proof having been made of the making and filing of such map, that it did not appear that defendant's title was divested; and that plaintiff was properly nonsuited.

*It seems*, that as said act provides certain and adequate means for obtaining satisfaction for land taken, it was not required that compensation should first be paid to make the appropriation complete.

*In re Washington Park* (56 N. Y., 144) distinguished.

The commissioners of estimate and assessment in estimating the value of
the land assessed it as tillable land, deciding that the wood would only
pay for taking it off and grubbing out the roots. *Held*, that the mode
adopted practically deprived defendant of any compensation for the
wood and was erroneous.

(Argued October 5, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, affirming a judgment
in favor of defendant entered upon an order nonsuiting plain-
tiffs upon trial, and affirming an order denying a motion for
a new trial. (Reported below, 2 Hun, 115 ; 4 T. & C., 399.)

This action was brought to recover damages for cutting and
appropriating wood and timber alleged to have been taken
and appropriated for Ocean avenue in the county of Kings.

Plaintiffs were contractors for constructing Ocean avenue
in the county of Kings under a contract with the commis-
sioners. By the contract the timber and cord wood within
the limits of the road were to belong to the contractors.
The avenue was laid out and constructed under the act
chapter 579, Laws of 1871. It appeared that the com-
missioners for mapping and laying out the towns of Kings
county, by resolution, fixed the base-line of the avenue
and directed that a map be made. It did not appear that
any map was ever made and filed as required by the act
(§ 2). The line passed through defendant's wood-land.
Commissioners of estimate and assessment were appointed
who awarded defendant damages for the land taken. In
fixing the value, as testified by one of the commissioners
who assessed it as if it were tillable land, they deciding that
the value of the wood would no more than pay for removing
it and for removing the stumps and grubbing out the roots.
Their report was made October 9, 1871. The contract was
let in November. Previous to the report being made defend-
ant cut and removed the wood.

At the close of plaintiffs' evidence defendant's counsel
moved for a nonsuit on the ground that it had not been

shown that the land had been taken at the time the wood was cut, it not appearing whether the commissioners' report had been confirmed; which motion was granted. The court stated the grounds of its decision thus: "In the first place there appears to have been no appropriation of the land at all; and in the second place such appropriation can only be made by an application to the court by the commissioners for laying out the map of the towns, or by the freeholders whose land may be taken on the route of said road." To which decision plaintiffs' counsel duly excepted.

Plaintiffs' counsel then offered to put in evidence the report of the commissioners of estimate and assessment. The judge stated he did not know as it would make any difference but that the evidence should have been offered before; and the attention of counsel having been repeatedly called to it, defendant's counsel having insisted that the report should be produced, that it was then too late and so refused the offer.

Further facts appear in the opinion.

*Benj. G. Hitchings* for the appellants. It was error to hold that the commissioners of construction had not the right to sue for the wrongful taking of material on the line of the road, or for acts done tending to increase the expense of making the road. (Laws 1871, p. 1256; *Faulkner* v. *Brown*, 13 Wend., 63; *Aiken* v. *Buck*, 1 id., 466; *Putnam* v. *Wiley*, 8 J. R., 432; *Hurd* v. *West*, 7 Cow., 752; *Orser* v. *Storms*, 9 id., 687; 4 Abb. Dig., 615, 616; Voorhees' Code, § 111, note *q; McKee* v. *Judd*, 2 Kern., 622; *Hall* v. *Robinson*, 2 Comst., 393; *Waldron* v. *Willard*, 17 N. Y., 466; *Haight* v. *Hayt*, 19 id., 464, 467; *Richtmeyer* v. *Remsen*, 38 id., 206.) The town survey commissioners were not obliged to make a report to the Supreme Court of their action in laying out and locating the road. (Laws 1871, p. 1256, § 1; 2 Laws 1869, chap. 670; 2 Laws 1870, chap. 609.) It was error to hold that defendant was not divested of the right to do the acts complained of until the filing and confirmation of the report of the commissioners of estimate and assessment, or

until payment for his land. (*Bradshaw* v. *Rogers*, 20 J. R., ·104, 744; *Jerome* v. *Ross*, 7 J. Ch., 343; *Wheelock* v. *Pratt*, 4 Wend., 650; *Bloodgood* v. *Mohawk R. R. Co.*, 18 id., 9, 17, 18, 35; *Rexford* v. *Wright*, 11 N. Y., 308; *Smith* v. *Helmer*, 7 Barb., 416; *People* v. *Suprs. Westchester*, 4 id., 64; *People* v. *Common Council of Bklyn.*, 22 id., 404; *Baker* v. *Johnson*, 2 Hill, 342; *People* v. *Hayden*, 6 id., 359; Laws 1871, p. 1256; *Reynolds* v. *City of Bklyn.*, 49 Barb., 136; *Hazen* v. *B. and Me. R. R. Co.*, 2 Gray, 580; 1 id., 360; 4 Cush., 69, 469; 6 id., 270; 7 Metc., 78; 10 id., 471; 22 Pick., 263; *Case* v. *Thompson*, 6 Wend., 634; *Cole* v. *Trustees Williamsburgh*, 10 id., 659, 666; *Wheelock* v. *Young*, 4 id., 667; *Lyon* v. *Jerome*, 15 id., 569; *Rexford* v. *Wright*, 11 N. Y., 308; S. C., 15 Barb., 641; *Brother* v. *Ellison*, 10 Ohio, 376; *Carris* v. *Comrs. Waterloo*, 2 Hill, 443; *In re Furman St.*, 17 Wend., 649; *In re Wash. Park*, 56 N. Y., 144.)

*D. P. Barnard* for the respondent. The property in the trees and timber upon defendant's land did not become vested in the commissioners of construction until a report of commissioners of estimate and assessment had been confirmed. (*In re Wash. Park*, 56 N. Y., 144; S. C., 2 N. Y. S. C., 637.) The legislature has no constitutional authority in taking a citizen's land for a highway; to take his buildings, trees and timber. against his will. (*Embury* v. *Conner*, 3 Comst., 511.)

CHURCH, Ch. J. The contractors for the construction of Ocean avenue claim to recover for the value of wood and timber removed by the owner from a portion of land forming the avenue, and their right is based upon an appropriation of the land, including growing timber, prior to the cutting and removal thereof by the defendant. The provisions of the statute (chap. 579, Laws of 1871) are not very definite as to the time when the appropriation became complete, so as to bind the public and the owners of property. This court held *In re Washington Park* (56 N. Y., 144), that

under chapter 45, of the act of 1872, the title to lands sought to be taken was acquired only by confirmation of the report of commissioners of appraisal, and payment or deposit of the compensation, and that the park commissioners might, before that period, discontinue the proceedings. That act vested in the park commissioners a discretion in respect to taking or purchasing land. This act is mandatory upon the commissioners for laying out and mapping the towns of Kings county, to lay out " as and for a public highway," Ocean avenue, 100 feet wide. The Washington park act made the park commissioners the only actors in procuring title by condemnation and payment of compensation. This act gives the owners power to apply for the appointment of commissioners of estimate, and provides compulsory machinery for assessing and collecting the money, and paying compensation. Within the principle, therefore, that where certain and adequate means are provided for obtaining satisfaction for land taken by the power of eminent domain, compensation need not be paid in advance, this act would seem to differ from the Washington park act, and the general railroad act. But the manner of exercising the power of eminent domain in this case was not made a question on the trial, and is not necessarily involved. The legislature saw fit to direct the laying out of the public avenue 100 feet wide and the condemnation of land for that purpose, and provided a judicial proceeding for ascertaining the amount of compensation, and also provided means for obtaining payment. When was the appropriation complete? After a careful examination of the statutes I concur with the Supreme Court, that it is not complete until the map designating the land to be taken has been adopted by the commissioners and filed according to law. The legislature did not condemn any particular land, but authorized commissioners to designate it. They are required by the first section, to lay out and map the avenue, which is to form a part of the general plan of streets, avenues and roads of the county, and to be laid down and designated on the map thereof to be filed; and the second section expressly

requires them to cause a map of said avenue, as laid out, signed and acknowledged by them, to be filed in the office of the register of Kings county, and the acts organizing the board of commissioners (chap. 670, Laws of 1869, and chap. 609 of Laws of 1870), require the filing of a map of all roads, etc., laid out by them, to be opened. This is the mode of publication contemplated by the statute, and there is no other provided. The counsel for the appellant argues that the map required to be filed by the second section was intended "solely to facilitate the examination of titles in future times." · It may be convenient for that purpose, but that such was its object is not intimated, and is not apparent. It is much more reasonable to infer that this was designed to furnish the evidence of the laying out of the road, and the precise boundaries thereof, and when this was done the commissioners of construction were authorized to enter upon and take possession of the land for the purpose of constructing the avenue, even if the title would not be perfected until the appraisal had been confirmed. (2 Hill, 342.) At the trial the plaintiff failed to prove the filing of any map, or to produce any evidence that the report of the commissioners of estimate and assessment had been confirmed, or to produce the report itself, and the court ordered a nonsuit. It is urged that the omission to prove the filing of the map was not the ground for ordering the nonsuit, and cannot now be available. The principle invoked is correct, that a nonsuit ordered upon a particular ground cannot be sustained upon another if the latter might have been obviated. The case states that the motion was made upon the ground that it had not been shown that the land had been taken at the time of cutting the wood, and specified as a reason, that the appraisal had not been confirmed, and that the judge granted the motion. The case states that the judge also stated the grounds of his ruling and said, "·in the first place there appears to have been no appropriation of the land at all," and for that reason as well as a failure to prove an award and a compliance with the statute in respect to it, the motion was granted. The plain-

tiff's counsel then offered to put in the report of the com-
missioners of estimate, but the court intimated that it would
make no difference, and refused, on the ground that it was
too late. There was no offer to prove that any map had been
made or filed, nor was possession taken until the contract was
let in November. The report of the estimate of damages
was not made until the ninth of October, previous to which
time the wood was cut. The ruling that no appropriation
had been proved was, as we have seen, correct, for the omis-
sion to file the map, and that ground is included in the
decision, although not specifically mentioned. The proof
failed to show a compliance with the statute in this respect,
and we think, on looking into the case, that the nonsuit
should be sustained. It is insisted that the defendant was
actually allowed the value of his growing timber by the com-
missioners of estimate and assessment, and one of them testi-
fied that the way this was done was by deciding that as the
wood would only pay for taking it off and grubbing out the
roots they assessed it the same as tillable land. The defend-
ant had sold the wood standing at three dollars a cord, to be
removed in the ordinary way, and when removed the land,
for many purposes, might have been as valuable to him as
with the stumps grubbed out. He was under no obligation
to remove the stumps so as to prepare the lands for street
purposes, and the mode adopted by the commissioners would
have thrown this burden upon him. If a house had been
standing upon the land, worth to the owner $1,000, and the
commissioners had decided that it was worth that sum to
remove it including the cellar walls, they would, upon the
principle adopted here, have assessed the land as though
nothing had been on it. It strikes me as a novel way to
reimburse the owner for destroying a valuable timber lot to
determine that it will cost its value to remove it and prepare
the land for the special purpose desired, and therefore that
the owner is entitled to no compensation. The mode adopted
practically deprived the defendant of any compensation for
the wood, and allowed him only for the land.

As substantial justice was done by the result, although the grounds of the ruling are somewhat ambiguous, we do not think it should be disturbed.

The judgment should be affirmed.

All concur.

Judgment affirmed.