CATHARINE E. SWART, Respondent. *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, Appellant.

*N. Y. Supreme Court, First Department, General Term, March.* 29, 1889.

1. *Contributory negligence.*—A person passing down public steps has a legal right to assume that they are in a reasonably safe condition, and is not called upon to give attention to his footsteps until in some manner warned of his danger.
2. *Same. Question of fact.*—The question of contributory negligence, must, under ordinary circumstances, be decided by the jury.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Thomas P. Wickes*, for appellant.

*Jerolomon & Arrowsmith*, for respondent.

BRADY, J.—This action was brought by the plaintiff to recover for damages sustained by falling upon the east steps of the city hall, whither she had been summoned as a witness. The accident occurred on the 12th of January, 1887, and the plaintiff is a lady of sixty years. It appeared by the evidence that at the point where the plaintiff's foot slipped off the steps as she was descending the steps, what is called the nosing, was entirely broken off, the result of which was that it left the step in a beveled, dangerous and unsafe condition. No testimony was offered on behalf of the defendant, the defendant's counsel contenting himself with a motion to dismiss the complaint on the ground that there was no evidence from which the jury could find or properly infer that the plaintiff was free from contributory

fault, the proof failing to show that the plaintiff exercised any care whatever. This motion was followed by an application to the court to send the jury with an officer to take a view of the steps, which was done, the plaintiff's attorney consenting.

The facts and circumstances were distinctly stated to the jury in an elaborate charge of the presiding judge, and the rules of law carefully and correctly stated. Amongst other things he said: " I am requested by the defendant to charge you, and do charge you, that if in the exercise of ordinary care and observation you believe that the plaintiff could have seen this defect and have avoided it, but chose instead to take the risk of passing over it, that she cannot recover."

The learned judge also said that " a person in passing down the steps, or a person in passing along the street is not charged with the exercise of an active vigilance ; the law does not impose active vigilance upon the pedestrian who walks the streets, or walks down public steps. I mean by active vigilance, being upon the lookout for danger. A person moving along the public sidewalk, or down public steps, has a legal right to assume they are in a reasonably safe condition, and is only called upon to exercise a reasonable degree of care and caution, such as an ordinary person would exercise under like circumstances.

The only exception taken to the charge was to the proposition that the plaintiff was not charged with the duty of active vigilance ; and this is really the only question worthy of any particular consideration in the case relating to its merits.

It appears, as we have seen, that the plaintiff was going from the court house and had occasion to go down the steps and proceeded in the usual way. There is no evidence that she did anything unusual, and none justifying the conclusion or inference that she knew of the imperfect condition of the steps ; but as we have seen, that element of

the case was substantially submitted for the consideration of the jury.

In Driscoll v.The Mayor (11 Hun, 102), it appeared that the plaintiff, an elderly lady, went on some business to a neighboring store and stepped into an opening in the street of which she had knowledge, but unthinkingly stepped into it, and was injured, and died of the injuries received. Judge DANIELS, writing the opinion of the court, and the remarks are applicable here, said: "It was the duty of the defendant to keep the walks in such a condition that they could be safely used by persons reasonably engrossed in their own pursuits. * * * The question of negligence or existence of negligence, must, in most cases, be a subject for the decision of the jury. It is an inference to be deduced from circumstances, and for that reason within the province of that body. The question of contributory negligence, must, under ordinary circumstances, be decided by the jury. Its existence is one of inference usually." And in Jennings v. Van Schaick (108 N. Y. 520; 13 N. Y. State Rep. 686), the court said that the plaintiff had a right to assume the safety of the sidewalk, and was not called upon to give attention to her steps until in some manner warned of her danger.

These cases seem to dispose of the contention that the plaintiff had not proved her freedom from contributory negligence. That question was to be determined, as we have seen, upon consideration of all the facts and circumstances attending the accident. The jury were so instructed, and found against the defendant, and the evidence is quite sufficient to sustain the finding. These cases also dispose of the objection to the suggestion about active vigilance as explained by the learned justice; for it will be remembered that he said: "I mean by that, being on the lookout for danger."

As the plaintiff had the right to assume the safe con-

dition of the steps, she was not obliged to be on the lookout for danger, which was the active vigilance suggested by the learned judge in his charge.

We think for these reasons that the judgment should not be disturbed. Judgment affirmed, with costs.

VAN BRUNT Ch. J., and DANIELS, J., concur.