### RACE v. UNION FERRY CO.

*(City Court of Brooklyn, General Term.* June 27, 1892.)

1. COMMON CARRIER—INJURIES TO PASSENGERS—FERRIES—EVIDENCE.

   The bridge of a ferry and the deck of a ferryboat were required to be kept as nearly even as possible, and they were usually so kept, scarcely ever projecting, the one above the other, more than 1½ inches. Plaintiff, who had used the ferry for years, and always found the deck and bridge on a level, stepped from the bridge, when dimly lighted, to the deck, without looking, and sustained a fall, the deck being 18 inches below the bridge. *Held,* that plaintiff was justified in assuming the safety of the step, and that she was not guilty of contributory negligence in not looking before stepping.

2. SAME—EVIDENCE.

   Defendant's own witnesses showed the necessity of keeping the bridge and deck on a level. They were easily adjustable; and the ferry was one over which large crowds of people passed daily. *Held,* that the evidence justified a submission of the question of defendant's negligence to the jury.

Appeal from trial term.

Action by Mary Louise Race against the Union Ferry Company of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*Dailey, Bell & Crane,* for appellant. *Lowrey, Stone & Auerbach,* for respondent.

VAN WYCK, J. This is an action to recover damages for personal injuries sustained through the alleged negligence of the defendant. The jury rendered a verdict for plaintiff for $2,500, and from the judgment entered thereupon, and from an order denying a motion for a new trial, the defendant appeals.

We will consider only the questions that appellant's counsel presents to this court in his printed points and oral argument, viz., that plaintiff was negligent and defendant was not negligent on the occasion when the injuries were sustained. Defendant runs its ferryboats from the foot of Fulton street, Brooklyn, to the foot of Fulton street, New York city. Both ends of the boat are alike and each end is rounded to fit into the concave end of the bridge to which it is held by chains when the boat lies in the slip. The bridge is a floating one,—that is, its outer end rests upon a float so constructed that the floor of the bridge is easily adjustable to the exact height of the deck of the boat. On each side of the bridge is a narrow passageway, over which passengers walk upon the boat. The testimony discloses the fact that 15,000,000 of people cross the river annually at this particular ferry, from which it is a fair inference that

these narrow passageways are as much traveled as the most frequented sidewalk of the city. The testimony of defendant's own witnesses and employes shows that when the boat is receiving passengers its deck and the bridge are always on about the same level, not varying more than one half of an inch to one and a half inches, and sometimes, when the boat comes in heavily loaded, its deck is five or six inches below the floor of the bridge, "but it is adjusted pretty nearly every time the boat comes in. * * * It would not do to neglect it a minute." It is manifest that the facilities for and the practice of keeping the deck and bridge nearly on a level were most commendable and necessary precautions on the part of the defendant for the safety of the millions of persons walking over the bridge to the boat. The plaintiff testifies that she frequently used this ferry before the accident, and that deck and bridge were always on about the same level; that on December 6, 1890, in the evening, when the bridge was dimly lighted, the gate to the bridge was open, and she entered upon the bridge passageway assuming that it was in its usual condition, and walked upon the boat, and was thrown down thereon, because the boat deck was about 18 inches below the bridge, which fact she learned only from her fall, and the distance of the step, as she did not look to see before she fell. We think this evidence was sufficient to carry the question of defendant's negligence to the jury. It was an unusual management of the boat and bridge, which, it seems, never occurred before. *Snelling* v. *Ferry Co.*, (Sup.) 13 N. Y. Supp. 398, 128 N. Y. 579, 28 N. E. Rep. 250; *Bateman* v. *Railroad Co.*, 47 Hun, 429. We also think the jury was justified in finding that plaintiff was free from negligence, for she had used this ferry for years, and had always before found the bridge and deck on about the same level, as defendant's own witnesses testify was always the case. She approached the boat in the usual way, and was invited by the open gate to enter upon the bridge. She did not anticipate danger, nor did she look for any. She assumed that the passage was in its usual safe condition, and received no warning to the contrary. *Ferris* v. *Ferry Co.*, 36 N. Y. 312; *Swart* v. *Mayor, etc.*, (Sup.) 5 N. Y. Supp. 98; *Weston* v. *Railroad Co.*, 73 N. Y. 595. Appellant's counsel has failed to convince us that the verdict should be disturbed.

Judgment and order must be affirmed, with costs.