CLUM B. HAUK, Appellant, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent, Impleaded with the CENTRAL VERMONT RAILROAD COMPANY.

*Negligence — a person, not a passenger, falling upon the steps of a railway station in consequence of a banana thrown thereon — alleged failure to sufficiently light the steps.*

A person who had visited a railroad station for the purpose of obtaining a meal at the restaurant (not a passenger upon the railroad, nor intending to become one), while leaving the station with his wife at about eight o'clock in the evening by a door through which on the same day he had already passed four or five times, opposite to which in the station there was a large electric light, and over the platform outside of which there were also two large electric lights, stepped upon a banana which had been thrown upon the steps and which, by reason of the shadow caused by their bodies, which filled up the doorway, he was prevented from seeing, and fell and was injured.

It was not claimed that the railroad company was responsible for the presence of this banana on the steps, the sole ground of liability upon its part being its alleged failure sufficiently to light the steps.

*Held,* that the railroad company performed its duty if it provided a safe means of egress from the station, in respect to which there was, in this case, no evidence of negligence on its part.

APPEAL by the plaintiff, Clum B. Hauk, from a judgment of the Supreme Court in favor of the defendant, The New York, New Haven and Hartford Railroad Company, entered in the office of the clerk of the county of New York on the 5th day of March, 1898, upon the dismissal of his complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 10th day of March, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

*M. E. Harby*, for the appellant.

*Henry W. Taft*, for the respondent.

INGRAHAM, J. :

Assuming that there was an obligation upon the defendants to use reasonable prudence and care to keep the platform and steps of the depot in such a condition that those who are permitted to enter the premises should not be unnecessarily exposed to danger, we think the evidence failed to show that the defendants were negligent in the performance of that obligation. The plaintiff went to the depot of the defendants at New London, Conn., for the purpose of obtaining a meal at the restaurant situated in the depot. He was not a passenger upon the defendants' road, nor did he intend to become a passenger. After obtaining his meal he started to leave the depot at about eight o'clock in the evening, when he slipped upon the steps leading from the depot to the station platform and fell, sustaining the injuries to recover for which this action was brought. There was a large electric light in the depot almost opposite the door from which the plaintiff attempted to leave. There were also two large electric lights over the platform outside of the depot, and the evidence is clear that these steps were sufficiently lighted. The plaintiff and his wife attempted to leave the depot together, and it is claimed that as they both attempted to pass through the door at the same time the shadow caused by their bodies filled up the doorway and prevented the plaintiff from seeing a banana which had been thrown upon the steps, and it was stepping upon this banana that caused him to fall. It is not claimed that the defendants were responsible for the presence of this banana upon the steps. There is no evidence that it had been thrown there by any agent of the defendants, or that it had been there for such a time that the defendants in the exercise of ordinary care should have known that it was there or should have caused it to be removed. The sole ground upon which the defendants are sought to be charged is the failure sufficiently to light these steps so as to enable one to use the means of egress from the depot in safety, and without being unreasonably and unnecessarily exposed to danger. The plaintiff testified that the electric lights both inside and outside of the building were burning; that he did not notice

anything with reference to the doorway; that he saw the depot step, but was walking along and was not looking down at all; that he did not see the part of the doorway which was level with the floor of the depot, but noticed that it was not light, but was dark. The witness had on the same day passed through this door four or five times. It thus appears that this station and its approaches were lighted with electric lights and that nothing prevented the plaintiff from seeing this obstruction upon the step but the shadow cast by the bodies of himself and his wife as they attempted to pass through the door side by side, filling up the doorway and casting a shadow upon the steps. The defendants performed their duty if they provided a safe means of egress from the station, and this they appear to have done. They provided sufficient light to enable one using the steps to see any obstacle that had been there thrown, and but for the fact that the plaintiff and his wife had so placed their bodies as to intercept the light it is clear that they could have seen this banana if they had looked. There was thus no evidence to show that the defendants had been negligent in the performance of any duty which they owed to the plaintiff, and the complaint was properly dismissed. The judgment appealed from is, therefore, affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.