### HAUK v. NEW YORK, N. H. & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

RAILROADS—DUTY TO PERSONS USING STATIONS—EVIDENCE.

Plaintiff went to a railroad depot to take a meal at a restaurant therein. He was not, and did not intend to become, a passenger. As he left, he stepped on a banana on the steps, slipped, and was injured. In the depot, nearly opposite the door where he departed, was a large electric light, and outside were two more. Plaintiff and his wife, in passing through the door, intercepted the light so that the steps were in darkness. The railroad company was not responsible for placing the banana there. *Held* not to show negligence on the part of the railroad company.

Appeal from trial term, New York county.

Action by Clum B. Hauk against the New York, New Haven & Hartford Railroad Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

M. E. Harby, for appellant.
Henry W. Taft, for respondents.

INGRAHAM, J. Assuming that there was an obligation upon the defendants to use reasonable prudence and care to keep the platform and steps of the depot in such a condition that those who are permitted to use the premises should not be unnecessarily exposed to danger, we think the evidence failed to show that the defendants were negligent in the performance of that obligation. The plaintiff went to the depot of the defendants at New London, Conn., for the purpose of obtaining a meal at the restaurant situated in the depot. He was not a passenger upon the defendants' road, nor did he intend to become a passenger. After obtaining his meal, he started to leave the depot, at about 8 o'clock in the evening, when he slipped upon the steps leading from the depot to the station platform, and fell, sustaining the injuries to recover for which this action

was brought.    There was a large electric light in the depot almost opposite the door from which the plaintiff attempted to leave the station.    There were also two large electric lights over the platform outside of the depot, and the evidence is clear that these steps were sufficiently lighted.    The plaintiff and his wife attempted to leave the depot together, and it is claimed that as they both attempted to pass through the door at the same time the shadow caused by their bodies filled up the doorway, and prevented the plaintiff from seeing a banana which had been thrown upon the steps, and it was stepping upon this banana that caused him to fall.    It is not claimed that the defendants were responsible for the presence of this banana upon the steps.    There is no evidence that it had been thrown there by any agent of the defendants, or that it had been there for such a time that the defendants, in the exercise of ordinary care, should have known that it was there, or should have caused it to be removed. The sole ground upon which the defendants are sought to be charged is the failure sufficiently to light these steps so as to enable one to use the means of egress from the depot in safety, and without being unreasonably and unnecessarily exposed to danger.    The plaintiff testified that the electric lights, both inside and outside of the building, were burning; that he did not notice anything with reference to the doorway; that he saw the depot step, but was walking along, and was not looking down at all; that he did not see the part of the doorway which was level with the floor of the depot, but noticed that it was not light, but was dark.    The witness had on the same day passed through this door four or five times.    It thus appears that this station and its approaches were lighted with electric lights, and that nothing prevented the plaintiff from seeing this obstruction upon the step but the shadow cast by the bodies of himself and his wife as they attempted to pass through the door side by side, filling up the doorway, and casting a shadow upon the steps.    The defendants performed their duty if they provided a safe means of egress from the station, and this they appear to have done.    They provided sufficient light to enable one using the steps to see any obstacle that had been there thrown, and, but for the fact that the plaintiff and his wife had so placed their bodies as to intercept the light, it is clear that they could have seen this banana if they had looked.    There was thus no evidence to show that the defendants had been negligent in the performance of any duty which they owed to the plaintiff, and the complaint was properly dismissed.

The judgment appealed from is therefore affirmed, with costs.    All concur.