GEORGE W. COOLEY, Respondent, *v.* THE TRUSTEES OF THE NEW YORK AND BROOKLYN BRIDGE, Appellant.

*Negligence — a fall occasioned by a pile of dirt upon the steps leading to the Brooklyn bridge.*

A person injured by a fall upon the steps of a stairway leading to the Brooklyn bridge, caused by his slipping on a pile of dirt about three inches in depth and eighteen inches long, composed of banana peels, etc., which had been left on the fifth or sixth step from the bottom of the stairs, is entitled in an action to recover for such injuries to have the question of the negligence of the trustees of the bridge submitted to the jury, where it appears that such trustees were charged with the duty of keeping the stairway clean and that one of their employees entered upon his duties at six o'clock in the morning, a half hour before the accident happened, and swept the steps from the top to the bottom, accumulating the dirt upon each step as he proceeded, although the pile in question was not shown to have been made up of such accumulated sweepings.

A person using such steps has a right to assume that they are in safe condition and that the trustees will place no obstruction upon them, and is not bound, as a matter of law, to look for the obstruction, although, had he done so, he might have seen it.

BARTLETT, J., dissented.

APPEAL by the defendant, The Trustees of the New York and Brooklyn Bridge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 8th day of July, 1898, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 13th day of July, 1898, denying the defendant's motion for a new trial made upon the minutes.

*William J. Carr* [*S. K. Probasco* with him on the brief], for the appellant.

*G. Washbourne Smith*, for the respondent.

HATCH, J.:

The plaintiff was injured by falling upon the steps of a stairway leading to the Brooklyn bridge. The occasion of his fall was a pile of dirt, composed of earth, banana peelings, cigar stumps, etc., situated upon the fifth or sixth step from the bottom of the stairs, and about three inches in depth and eighteen inches long. The immediate cause of the fall was the stepping upon a banana peel which lay in this pile, and, slipping upon that, the plaintiff sustained somewhat serious injuries.

The evidence is quite meagre as to how the pile came to be upon this step, the proof in this respect being that the defendants were charged with the duty of keeping the stairways clean, and that one of the employees swept the same. He entered upon his duties at six o'clock in the morning, and the accident happened half an hour later. It did not appear that the employee, at the time, was on the stairs, nor was it shown that this pile was the accumulation of sweeping the upper steps. It did appear, however, that he swept the steps from the top to the bottom, and accumulated the dirt upon each lower step as he proceeded. From the character of the accumulation, it would seem to be a fair inference that the pile was the result of such sweeping; and, taking its character, the method of procedure of cleaning the stairs, and the time of day when the accident happened, we think there was sufficient from which the jury might infer that the defendants were responsible for the condition of the step and the pile of dirt thereon. The obligation which rested upon the defendants was to exercise reasonable care to keep

the stairway and its steps in such condition that those having occasion to use the same would not be unnecessarily exposed to danger. It is a matter of common knowledge that the presence of banana peels and accumulations of this character furnish a dangerous obstruction, as the frequency of accidents from slipping upon these and similar substances testifies; indeed, a banana peel under such circumstances may become as dangerous as, or more so than, an unguarded hole. The accumulation, therefore, was of a character which the jury were authorized to say was dangerous; and, being authorized to draw the inference that the defendants were responsible therefor, the element of negligence upon the part of the defendants was sufficiently made to appear to support the verdict, within the principle announced in *Hauk* v. *N. Y., N. H. & H. R. R. Co.* (34 App. Div. 434).

We are also of the opinion that the jury, upon the testimony, could properly exonerate the plaintiff from the charge of contributory negligence. He had the right to assume that the steps were safe for him to descend, and that the defendants would place no obstruction thereon. He was not bound, as matter of law, to look for the obstruction, although he might have seen it had he looked. The measure of his obligation was also the exercise of reasonable care, and this the jury were authorized to find that he exercised when he descended the steps in the usual manner, although he failed to observe the obstruction. (*McGuire* v. *Spence*, 91 N. Y. 303; *Swart* v. *The Mayor, etc.*, 23 N. Y. St. Repr. 393.)

Upon the whole we think the case was properly submitted to the jury, and that their verdict is supported by the evidence.

The judgment should, therefore, be affirmed.

All concurred, except BARTLETT, J., dissenting.

Judgment and order affirmed, with costs.