# New York Supplement

## VOLUME 61,

AND

# New York State Reporter,

## VOLUME 95.

---

COOLEY v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, Second Department.   December 5, 1899.)

BRIDGES—OBSTRUCTION ON STAIRWAY.

A pile of sweepings, including banana peelings, left on the public stairway of a bridge, is a dangerous obstruction, and those charged with the care of the bridge are liable for injuries caused thereby.

Bartlett, J., dissenting.

Appeal from trial term.

Action by George W. Cooley against the Trustees of the New York and Brooklyn Bridge.   From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr (S. K. Probasco, on the brief), for appellant.

G. Washbourne Smith, for respondent.

HATCH, J.   The plaintiff was injured by falling upon the steps of a stairway leading to the Brooklyn Bridge.   The occasion of his fall was a pile of dirt, composed of earth, banana peelings, cigar stumps, etc., situate upon the fifth or sixth step from the bottom of the stairs, about three inches in depth and eighteen inches long. The immediate cause of the fall was the stepping upon a banana peel which lay in this pile, and, slipping upon that, the plaintiff sustained somewhat serious injuries.   The evidence is quite meager as to how the pile came to be upon this step, the proof in this respect being that the defendant was charged with the duty of keeping the stairways clean, and that one of the employés swept the same.   He en-

61 N.Y.S.—1

tered upon his duties at 6 o'clock in the morning, and the accident happened half an hour later. It did not appear that the employé at the time was on the stairs, nor was it shown that this pile was the accumulation of sweeping the upper steps. It did appear, however, that he swept the steps from the top to the bottom, and accumulated the dirt upon each lower step as he proceeded. From the character of the accumulation, it would seem to be a fair inference that the pile was the result of such sweeping, and, taking its character, the method of procedure of cleaning the stairs, and the time of day when the accident happened, we think there was sufficient from which the jury might infer that the defendant was responsible for the condition of the step and the pile of dirt thereon. The obligation which rested upon the defendant was to exercise reasonable care to keep the stairway and its steps in such condition that those having occasion to use the same would not be unnecessarily exposed to danger. It is common knowledge that the presence of banana peels and accumulations of this character furnish a dangerous obstruction, as the frequency of accidents from slipping upon these and similar substances testify. Indeed, a banana peel, under such circumstances, may become as dangerous, or more so, than an unguarded hole. The accumulation, therefore, was of a character from which the jury were authorized to say it was dangerous, and, being authorized to draw the inference that the defendant was responsible therefor, the element of negligence upon the part of the defendant was sufficiently made to appear to support the verdict, within the principle announced in Hauk v. Railroad Co., 34 App. Div. 434, 54 N. Y. Supp. 248.

We are also of the opinion that the jury, upon the testimony, could properly exonerate the plaintiff from the charge of contributory negligence. He had the right to assume that the steps were safe for him to descend, and that the defendant would place no obstruction thereon. He was not bound, as matter of law, to look for the obstruction, although he might have seen it had he looked. The measure of his obligation was also the exercise of reasonable care, and this the jury were authorized to find he exercised when he descended the steps in the usual manner, although he failed to observe the obstruction. McGuire v. Spence, 91 N. Y. 303; Swart v. Mayor, etc. (Sup.) 5 N. Y. Supp. 98. Upon the whole, we think the case was properly submitted to the jury, and that their verdict is supported by the evidence. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur, except BARTLETT, J., who dissents.