(31 Misc. Rep. 123.)

### SEELEY v. CITY OF AMSTERDAM.

(Supreme Court, Special Term, Saratoga County. April, 1900.)

1. WATERS AND WATER COURSES—MUNICIPAL CORPORATIONS—CORPORATIONS—WATER COMMISSIONERS—DAMAGES—ACTIONS.

Laws 1881, c. 101, authorizes the creation of a board of water commissioners for the city of Amsterdam, with power to sue and to be sued, acquire lands, and construct waterworks to supply the city with water, and pledge the city's credit, etc., and declares that the individual property of such commissioners shall not be liable for judgments recovered against them in the name of their office. *Held* that, since the acts of the commissioners were for the city's benefit, an action for damages sustained by a riparian owner for the diversion of water caused by the construction of waterworks by the commissioners was properly brought against the city, and not against the commissioners.

2. SAME—EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—ACTION AT LAW—ANSWER.

Laws 1881, c. 101, requires the board of water commissioners of the city of Amsterdam, before taking property for waterworks purposes, to survey and file a map of the rights affected, and, if the parties cannot agree as to the damages, that the same shall be assessed in condemnation proceedings. *Held* that, since the filing of the map was a prerequisite to the

commissioners' right to take plaintiff's property in a water course, an answer to plaintiff's action against the city for damages sustained thereby, failing to show that the maps covered plaintiff's property, was insufficient to bar his right to an action at law.

Action by Joseph Seeley against the city of Amsterdam to recover damages for the diversion of a water course by the commissioners of such city. Demurrer to separate defenses alleged in defendant's answer sustained.

D. H. McFalls and M. D. Murray (Edgar T. Brackett, of counsel), for plaintiff.
Nisbet & Hanson, for defendant.

HOUGHTON, J. The plaintiff is a riparian owner. Above his premises the defendant, or its water commissioners, constructed a dam, and formed a reservoir for the supplying of the city of Amsterdam with water; materially diminishing the stream flowing through plaintiff's premises. Of course, there is a remedy, in some form, for the damages thus sustained. The first defense pleads that the defendant did not do the acts complained of, but that they were done by its board of water commissioners, and that, if plaintiff has any action, it is against that board, and not against the city itself. By chapter 101 of the Laws of 1881, certain persons and their successors were constituted water commissioners for the then village of Amsterdam, since incorporated as a city. The act provides that said water commissioners may sue and be sued, under the name of the "Water Commissioners of Amsterdam," in any of the courts of the state. Notwithstanding this provision, I think that the board of water commissioners is not such an independent public body as that an action lies against it alone. The title of the act shows that the object of the law is to provide for a supply of water for the city of Amsterdam. By the act it is made the duty of the commissioners to consider all matters relating to supplying said city with pure and wholesome water, and they are given powers to that end. Such lands as they acquire belong to the city, and the city is made liable for any indebtedness which they incur; they having power to pledge the credit of the city for the construction of such waterworks. For the purpose of paying therefor, the water commissioners, it is true, are given power to fix water rents and enforce their collection; but in case the water rents shall be insufficient for such purpose, or the annual maintenance of said system, the city is made liable for any deficiency, and is liable upon the bonds issued for the original construction. The act further provides that all judgments against said commissioners in their name of office, and by reason of any transaction in the performance of their duties as such commissioners, shall not be enforced against their individual property. It is therefore clear that the object of the law is to supply the defendant with pure and wholesome water. Such plant as is acquired by the commissioners belongs to the city. It uses the water diverted from plaintiff's premises. The city, and not the board of water commissioners, is therefore responsible. Bailey v. Mayor, etc., 3 Hill, 531; Ehrgott

v. Same, 96 N. Y. 264. A municipal corporation cannot escape liability for the acts of its officers except where it has no private interest in the duty imposed upon the officer, and derives no special benefit or advantage from his acts. Maxmilian v. Mayor, etc., 62 N. Y. 160; Tone v. Same, 70 N. Y. 158. Where such public officer performs a duty which is primarily charged upon the municipality, the officer exists for the benefit of the municipality, and it is liable for his acts. Bolton v. Village of New Rochelle, 84 Hun, 282, 32 N. Y. Supp. 442; Moody v. Village of Saratoga Springs, 17 App. Div. 207, 45 N. Y. Supp. 365. The fact that the commissioners have the power to sue and be sued is not controlling. They are not self-perpetuating, and own no property, and whatever they do is for the benefit of the city. Under such circumstances, an action against them instead of the city would be improper. Walsh v. Trustees, 96 N. Y. 427, 437. It is clear that the city is liable. The defense that the acts complained of are those of the water commissioners, and not of the city, is not a good one, and the demurrer is well taken.

The second affirmative defense demurred to avers that, before taking any lands, the water commissioners caused the survey and map required by the act to be made and filed, upon which were designated the lands and rights proposed to be taken, and that the water commissioners were unable to agree with the plaintiff as to the value of his rights, and that neither the water commissioners nor the plaintiff applied for the appointment of commissioners, and that the plaintiff, having an adequate remedy at law for the determination of his damages, cannot maintain the present action, but must resort to condemnation proceedings. The act provides that, before the commissioners shall take or use any land for the purpose of creating a water supply for the defendant, they shall cause a survey and map to be made of the lands intended to be taken or entered upon for any of said purposes, showing whose land is proposed to be taken, and certify and file the same in the office of the clerk of Montgomery county. When they shall be unable to agree as to damages with the persons owning such lands, commissioners to assess the same shall be appointed by the supreme court on the application of the water commissioners, after proper notice; and, in case the water commissioners shall fail to make such application, then the owner may apply to the court, upon notice, for their appointment. The legislature could not authorize the water commissioners of the defendant to take away the plaintiff's rights without any compensation. Under certain circumstances the legislature might, perhaps, prescribe the manner in which compensation should be obtained. Where a party has a remedy at common law for a wrong, and a statute is passed giving a further remedy, without the negative of the common-law remedy expressed or implied, the rule is that he may, notwithstanding the statute, have his remedy by action, and the further remedy is but cumulative. Almy v. Harris, 5 Johns. 175; Tremain v. Richardson, 68 N. Y. 617; Wheaton v. Hibbard, 20 Johns. 293. For example, the statue gave a remedy by distress and sale of beasts found trespassing, but this did not take away the common-law remedy of action for trespass. Colden v. Eldred, 15 Johns. 220.

But where a statute confers a right, and prescribes adequate means of protecting it, the proprietor of the right is confined to the statutory remedy. Dudley v. Mayhew, 3 N. Y. 9. Prior to the passage of the statute there was no remedy by an abutting owner for damages sustained in changing the grade of the street in front of his premises. The statute giving compensation prescribed that it should be ascertained through the appointment of commissioners, and hence, within the rule, a party injured was confined to that remedy. Heiser v. Mayor, etc., 104 N. Y. 68, 9 N. E. 866. No new right was created in any way, except the right of eminent domain in the water commissioners, authorizing them to condemn lands for public purposes. The legislature had the right to delegate this authority to the water commissioners of Amsterdam, but the statute created in behalf of the plaintiff no new cause of action and no new rights. There is nothing in the act prohibiting him from bringing action, except by implication. He was the owner of his property, and had a right of action at common law against any person interfering with it. If the statute has any effect upon him at all, it simply curtails his rights, and confines him to seeking compensation through condemnation proceedings.

But the defendant insists that these principles do not apply, because the supplying of the city of Amsterdam with water is a public purpose, in which case a party suffering damages must confine his remedy to that pointed out by the legislature. Calking v. Baldwin, 4 Wend. 667. The case last cited proceeds upon the theory that the whole state was interested in the improvement of the navigation of the Seneca river. Although the authority to take lands was delegated to an individual, yet the court likens the improvement to that made by the state in constructing or repairing its canals. If it be assumed that the supplying of the city of Amsterdam with water is a similar public purpose,—concerning which there may be some doubt,— the question remains whether or not the defendant has pleaded sufficient to bring itself within this rule, and whether the filing of a map covering the plaintiff's property is a prerequisite to compelling the plaintiff to resort to condemnation proceedings. The answer avers that before entering upon any lands or rights in the town of Providence, Saratoga county, and in the year 1889, the water commissioners of Amsterdam caused the survey and map, required by the act referred to, to be made, and duly signed and filed, upon which "were designated the lands and rights proposed to be taken," and further avers that said commissioners were unable to agree with the plaintiff as to the value of his rights, or the damages sustained by him. If the filing of a map of land proposed to be taken by the water commissioners was a prerequisite to the compelling of plaintiff to seek redress by condemnation proceedings, the averment is not sufficient, because the defendant does not plead that the map covered the lands of plaintiff, or show that they intended to take any of his property rights. The averment that they filed a map "covering the property which they intended to take" is not an averment that they filed a map covering plaintiff's property, or that they gave notice that they intended in any way to affect his property. If it was the intention of

the legislature to compel all parties affected by the construction of the waterworks of the defendant to seek compensation through condemnation proceedings, I think it must be also said that it was the intention of the legislature to make the filing of the map a prerequisite. The power of eminent domain was conferred. The legislature did not condemn any land, but authorized the commissioners to designate what land they proposed to condemn. This was to be done by the map, which was required to show the lands which they proposed to take, and its owners or occupants. It was to be certified and filed in a public office,—presumably, for the purpose of giving public notice of what they intended to take, as no other mode of publication is prescribed. If the legislature did not intend that the map should be first filed, before any property owner's common-law right of action should be taken away, all such precaution was unnecessary. Besides, without the map, and the designation of the lands and owner or occupant, no man could know whether he had the right to apply for commissioners, or whether his land was included in part of the scheme of the defendant in perfecting its waterworks. In Calking v. Baldwin, supra, any party injured had the right to apply for the appointment of commissioners, and the defendant was not required to designate in any manner what property he proposed to take. If any man found his land flooded, the legislature had said that he should, in a certain manner, proceed to have his damages ascertained, and collect his compensation. In the present case the legislature was careful to say that whatever the defendant proposed to take should be designated upon a map, and that the map should be placed in a public office, so that any man finding his lands designated might have the right to apply for commissioners in case the water commissioners did not first apply. In Rider v. Stryker, 63 N. Y. 136, the filing of a map was held to be a prerequisite, and with much less necessity than in the present case. The filing of a map is a prerequisite in ordinary railroad condemnation, and in many other instances. I think the legislature intended that it should be in this. So far as the pleadings disclose, it was not done. Hence sufficient does not appear to deprive the plaintiff of his common-law action. The demurrer to both counts is sustained, with leave to amend within 20 days upon payment of costs.

Demurrer sustained, with leave to amend within 20 days upon payment of costs.