(53 Misc. Rep 646)

KAPLOWITZ v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.    April 10, 1907.)

CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE—STATION PLATFORM.

The presence of a piece of tobacco on a stairway leading to a railroad station, upon which a passenger stepped and fell, is not, in the absence of evidence to indicate that the railroad had a reasonable opportunity to discover and remove it, sufficient to charge the railroad with negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1142.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William Kaplowitz against the Interborough Rapid Transit Company for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Charles A. Gardiner (Alfred E. Mudge, of counsel), for appellant. Henry Waldman, for respondent.

PER CURIAM. The judgment should be reversed on the authority of Scholtz v. Interborough R. T. Co., 48 Misc. Rep. 619, 95 N. Y. Supp. 557, Idel v. Mitchell, 158 N. Y. 134, 52 N. E. 740, and Benson v. Manhattan Ry. Co., 31 Misc. Rep. 723, 65 N. Y. Supp. 271. The case does not come within the authority of Cooley v. Trustees of N. Y. & B. Bridge, 46 App. Div. 243, 61 N. Y. Supp. 1, as in that case it appeared affirmatively that "the occasion of the fall was a pile of dirt, composed of earth, banana peelings, cigar stumps, etc., situated on the fifth or sixth step from the bottom of the stairs, and about 3 inches in depth and 18 inches long"; and it also appeared affirmatively that defendant's servant had, previous to the accident, swept the dirt from step to step—an inference being deducible therefrom that the said servant was responsible for said pile of dirt which caused the accident—while in the case at bar the evidence shows that, although there was much dirt upon the stairs, the plaintiff fell on a piece of tobacco, and there is nothing to indicate that the said tobacco had been there a sufficient length of time to impute notice to defendant.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.