### LEVIN v. ABRAHAMS.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

1. LANDLORD AND TENANT ⬮162—CONDITION OF PREMISES—LANDLORD'S DUTY.

It is the duty of a landlord to use reasonable care to keep a hallway in common use by tenants and in his control, in a reasonable safe condition, and for a servant to leave a pail in the dimly lighted hallway, in the absence of explanation, would be evidence of negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 629; Dec. Dig. ⬮162.]

2. APPEAL AND ERROR ⬮927(3)—QUESTIONS OF FACT—INFERENCES.

On appeal from the dismissal of a complaint for insufficient evidence, the plaintiff is entitled to the most favorable inferences deducible from the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4024; Dec. Dig. ⬮927(3).]

Appeal from City Court of New York, Trial Term.

Action by Rose Levin against Harry Abrahams. From a judgment dismissing the complaint, with costs, after a trial before a jury, plaintiff appeals. Reversed, and a new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Charles Liebling, of New York City (Charles Goldzier, of New York City, of counsel), for appellant.

William A. Jones, Jr., of New York City (Fred P. Harrington, of New York City, of counsel), for respondent.

WHITAKER, J.  The action is brought by a tenant to recover damages from the landlord for personal injuries caused by the plaintiff tripping over a pail which plaintiff alleges was negligently left in the hall and immediately in front of the door to her apartment. The hall was in common use by the tenants and in control of defendant.

[1] The evidence showed that on the day of the accident, October 28, 1912, after plaintiff had ascended the stairs and was passing along the hallway to her apartment, she tripped and fell over a scrub pail which was standing 38 inches in front of her door, there being very little light in the hall. Plaintiff testified that she had seen that pail many times before in the hands of the scrubman or janitor, who used it in scrubbing the hall floors. It was conceded that the janitor used a galvanized iron pail in scrubbing the floors. The plaintiff also testified that immediately after the accident the janitor assisted her. A tenant who occupied rooms on the floor above testified that she heard plaintiff scream at the time of the accident; that she went downstairs, and found that plaintiff had been lifted up by the janitor's helper; that she

said the pail which had caused the accident she had seen prior to that time used by the man who was scrubbing the floor; that on the morning of the accident that man was washing the second floor, and had a pail with him, and that it was the same pail that caused the accident; that she saw a pail on the floor upset, and the water spilled, and the same man, the assistant janitor, wiped up the floor and took the pail downstairs.

At the close of the case, the court, upon motion of defendant, who called no witnesses, dismissed the complaint, upon the ground that there was no sufficient evidence as to whose pail it was, or how it came there, to which dismissal exception was duly taken. It was the duty of the defendant to use reasonable care to keep the hallway in a reasonably safe condition. If the servant of the landlord left this pail in the place testified to by plaintiff, it would, we think, in the absence of any explanation, be evidence of negligence. The circumstances proved were, we think, sufficient to warrant the jury in finding that the pail was in the use of the landlord and was left in the place where plaintiff fell over it by the janitor's helper.

Under the authority of Cooley v. Trustees of Brooklyn Bridge, 46 App. Div. 243, 61 N. Y. Supp. 1, the facts in which case are strongly analogous to the facts in the case at bar, it was held that the jury may draw inferences of negligence from the surrounding facts and circumstances. And we think that in the present case the jury would have been amply justified in drawing the inference that the pail was placed in the hallway, where plaintiff fell over it, by the servant of the landlord while in the performance of his duties, pursuant to his employment.

[2] The plaintiff being entitled to the most favorable inferences deducible from the evidence, we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.