Robert J. Tod, Plaintiff, *v.* Interborough Rapid Transit Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, Part 3, February 23, 1927.

**Street railways — negligence — injuries to passenger while descending stairs, maintained by defendant, to subway — negligence of defendant proximate cause of accident.**

In an action to recover for personal injuries suffered by the plaintiff, while descending stairs maintained and controlled by the defendant for the purpose of receiving and discharging passengers to the trains operated by it in a subway, it must be held that the condition of the stairs, described by the plaintiff, was the result of failure on the part of the defendant to perform a duty which it owed to the plaintiff and to the public in general, since it appears that the stairs were littered with paper and rubbish; that the plaintiff slipped upon one of the wet papers, caught his heel upon the top of one of the steps and fell; and that the condition of the steps would have been apparent to the defendant's porter if he had made the inspection as he was required to do.

Action for injuries sustained by slipping on stairway of subway station.

*Poore & Webster* [*James C. Webster* of counsel], for the plaintiff.

*James L. Quackenbush* [*C. A. Roszel* of counsel], for the defendant.

Panken, J. The accepted rule of law is that the injuries complained of and for which damage is sought because of the negligence charged to another must flow directly from such negligence. It must be fixed that the proximate cause was the carelessness of the party sought to be charged. The test that governs is whether or no the consequences should have been foreseen of the action or the failure to act in the exercise of reasonable care.

In the case of *Ehrgott v. Mayor* (96 N. Y. 264) the court said: " The best statement of the rule is that a wrongdoer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury. [Case cited.] We are, therefore, of opinion that the judge did not err in refusing to charge the jury that the defendant was liable ' only for such damages as might reasonably be supposed to have been in the contemplation of the plaintiff and defendant as the probable result of the accident.' "

In *Perry v. Rochester Lime Company* (219 N. Y. 60) Judge Cardozo says: " The defendant stored the explosives without a permit and in violation of an ordinance. It stored them, moreover,

in a public place. It thus became a wrongdoer, and answerable as such for the proximate consequences of the wrong. It became answerable, in other words, for those consequences that ought to have been foreseen by a reasonably prudent man."

In the case of *Garrison* v. *Sun Printing & Pub. Assn.* (207 N. Y. 1, 7) Judge Hiscock said: " The general rule in torts applied to such actions as those of negligence is that a wrongdoer is responsible for the natural and proximate consequences of his conduct, and what are such consequences must be generally left for the determination of the jury."

The evidence in the instant case shows that on or about the 24th of August, 1926, at seven-thirty P. M., the defendant maintained and controlled a station at the corner of One Hundred and Sixteenth street and Lenox avenue in the city of New York for the purpose of receiving and discharging passengers to the trains operated by it in the subway. To approach the platform from which passengers were discharged or received onto the train a staircase leading from the street to the platform was maintained. On the above date and at the time mentioned, the plaintiff, while descending to the platform in order to board one of the trains operated by the defendant, fell down the staircase and received injuries for which he seeks recovery herein.

The evidence in as far as it is material for the determination of the issues, discloses that the stairway was littered with paper and rubbish, and that it was in a dirty and wet state. The plaintiff had slipped upon one of the wet papers, and his heel caught on the edge of one of the steps, his leg was twisted and he fell head first down the rest of the steps. It appears from the evidence also that on the day in question it had been raining. There is evidence that it had stopped raining at about four o'clock in the afternoon or three and a half hours before this accident occurred. There is also evidence that it had continued to drizzle until seven P. M., as disclosed by a copy of the record of the Weather Bureau offered in evidence by the defendant, the precipitation between four and seven being less than three-one-hundredths of an inch.

The defendant called as a witness one Turner, who testified he was employed as a porter, and that it was his duty to look after, sweep and keep clean the staircases and platforms maintained by the defendant at One Hundred and Sixteenth street and Lenox avenue. The plaintiff testified that on one occasion he had seen the porter fast asleep in the station, while supposedly on duty, and also that the condition of the station was dirty and filthy for a long time prior to the occurrence of the accident.

The only issue raised between the parties is the one raised by

the witness Turner. His testimony was that he had left the station on that night at about seven P. M., and that immediately before he left he had made an inspection of all of the stairs leading to the platforms, and left them clean. This testimony has not been controverted. Plaintiff, however, did testify that for some time prior to the occurrence of the accident he had been in the habit of using the same staircase, and that it was maintained in a filthy condition. I conclude, as a matter of fact, that the accident occurred in the manner testified to by the plaintiff and as a consequence of the condition existing on the staircase at the time of the accident as described by him. The question to be determined by me is as to whether or not the condition is the result of any negligence on the part of the defendant.

The testimony of Turner cannot be given any credence. For three hours and a half immediately before the accident it had stopped raining. The atmosphere, however, was moist; it had continued to drizzle until shortly before seven-thirty; so that the staircase if it were exposed to the elements would be wet. The condition described by the plaintiff indicates that the entire staircase was littered with papers and other filth. The defendant had notice thereof, or should have had notice. If Turner made his inspection immediately before seven o'clock the condition would be apparent to him. If he did not make the inspection, he failed to do that which under the rules he was required to do, and which rules were probably promulgated for the purpose of preventing just such occurrences as resulted from the condition of the staircase complained of in this action.

In the case of *Levin* v. *Abrahams* (158 N. Y. Supp. 784) the court held, approving *Cooley* v. *Trustees of N. Y. & Brooklyn Bridge* (46 App. Div. 243), " that the jury may draw inferences of negligence from the surrounding facts and circumstances."

In the *Cooley* case the court said: " From the character of the accumulation, it would seem to be a fair inference that the pile was the result of such sweeping; and, taking its character, the method of procedure of cleaning the stairs, and the time of day when the accident happened, we think there was sufficient from which the jury might infer that the defendants were responsible for the condition of the step and the pile of dirt thereon. The obligation which rested upon the defendants was to exercise reasonable care to keep the stairway and its steps in such condition that those having occasion to use the same would not be unnecessarily exposed to danger."

I cannot escape the conclusion in this case that the condition of the staircase described by the plaintiff was the result of the

failure on the part of the defendant to perform a duty which it owed to the plaintiff and to the public in general. That condition did not arise within the period elapsing from the inspection made by Turner to the occurrence of the accident.

I conclude, therefore, that the plaintiff is entitled to judgment.